SCI. FA.    **Murray's Administrator vs Baker.**

Case 48.               ERROR TO THE TRIGG CIRCUIT.

*Scire facias.    Parties.*

Oct. 14.    CHIEF JUSTICE EWING delivered the opinion of the Court.

The case stated.

AT the November term, 1823, of the Trigg Circuit Court, Baker recovered a judgment against Reynolds and Murray for $256 16 cents, with interest and costs. Reynolds and Murray both died, and a *scire facias* was sued out against the Administrator of Murray only, to revive the judgment and have execution. Upon this and another *scire facias* sued out to the county of Trigg, where the judgment was recovered, the Sheriff returned "not found;" whereupon judgment was rendered for the debt, interest, and costs, against the administrator of Murray, *in personam*, and that the plaintiff have execution, and the administrator has brought the case to this Court.

It is erroneous to enter up a new judgment on a *sci. fa.* it should be a judgment *that the plaintiff have execution*—and, —It is erroneous to enter a judgment on a *sci. fa.* vs an administrator *in personam*, it should be to be levied of the assets in the hands of the administrator.

The judgment is erroneous in two particulars, on its face: First, in the entry of a new judgment for the amount. It should have been that the plaintiff have execution only for the judgment mentioned in the *scire facias*. Second, It was erroneous to render judgment against the administrator, *in personam*, it should have been against him to be levied of the assets in his hands to be administered.

A *sci. fa.* to revive a joint judgment against two or more defendants, should issue against all the defendants or their representatives or heirs, not against one.

But there is a more radical defect in the proceedings. According to the principles and within the reason of the rules now settled by this Court, it was erroneous to sue out a *scire facias* against the administrator of Murray alone. A joint *scire facias* should have been sued out against both the administrator of Murray and the administrator of Reynolds, and if the latter had no administrator, and twelve months had expired from his death, without the appointment of one, it should have been sued out against his heirs, in conjunction with the administrator of Murray, or his administrator and heirs, under the statute of 1819; (1 *Stat. Law,* 780.) As it has been sued out against the administrator of Murray only, the judgment is reversed

and cause remanded, that the *scire facias* may be dismissed without prejudice to a joint proceeding as indicated.

*Cates & Lindsey* for plaintiff: *Fry & Page* for defendant.