A. G. BROWN, Governor, use of ROBERT SHOTWELL, *vs.*
SAMUEL HAMLIN et al.

It matters not how many pleas be set up to an action; if any one be sufficient
in law, and true in fact, it constitutes a complete defence.

Where a sheriff, when sued on his official bond, for failing to make the
money on an execution placed in his hands against P. and others, pleads
" That, at the time the execution was levied, there were several other exe-
cutions controlled by the plaintiff, S., which were levied on the property;
that the same was sold for a large amount and purchased by S., who did
not pay the purchase-money to the sheriff, but retained it to the amount of
the execution mentioned in his declaration : " *held*, that a replication to the
plea, stating that S. did not retain the purchase-money to the amount of
the execution and on account of it, is insufficient, and a demurrer thereto
should be sustained.

If S. retained the purchase-money, he could only excuse himself from paying
it to the sheriff, by exhibiting executions owned or controlled by him, to
which the law would apply the money.

Where S., in his replication, admits that he retained the money made by
the sale of the property, he should set forth his authority for so doing.

Where a party is the owner of two executions against the same party, and
purchases property under the junior, he is bound to give the credit to the
senior execution.

IN error from the circuit court of Madison county; Hon.
Robert C. Perry, judge.

The facts of this case, as shown by the record, are, that
Shotwell, the plaintiff in error, owned or controlled several
executions upon judgments that had been rendered against
Boteler, with Porter and others as his indorsers, and that there
was an execution issued upon a judgment in favor of Clifton
& Allen, which judgment was owned or controlled by Shot-
well, and said execution was placed in the hands of defendant,
Hamlin, as sheriff of Madison county, to be levied upon the
property of Porter, and at the same time there were several
other writs or executions placed in the hands of Hamlin as
sheriff, to be levied upon the property of Porter; and it appears

that Hamblin sold all the property of Porter, according to law, and Shotwell became the purchaser to the amount of $12,542, which amount he, Shotwell, retained and never paid over to the sheriff, Hamlin; he, Shotwell, claiming said amount of moneys on several executions due him upon judgments against Porter. The execution due Clifton & Allen, which was owned or controlled by Shotwell, had, it seems, a prior lien upon the property of Porter, sold by Hamlin as sheriff over the other judgments, which Shotwell owned or controlled against the same party.

Shotwell brought suit upon the official bond of Hamlin as sheriff, to recover the amount of the senior execution in favor of Clifton & Allen, which was owned by him, Shotwell; and Hamlin pleaded several pleas to the action, alleging a sale of all the property of Porter by virtue of the executions in his hands in favor of Shotwell, and the purchase of the property by him, (Shotwell,) and his failure to pay over the purchase-money to him (Hamlin) as sheriff aforesaid, as a satisfaction of the judgment due Clifton & Allen. To which Shotwell replied, that he did not retain the money due for the purchase at the sheriff's sale of Hamlin on account of the execution due Clifton & Allen; to which replication the defendants demurred, and the demurrer was sustained by the court below, and gave judgment for defendants, from which decision the plaintiff prayed a writ of error to this court.

*L. Maury Garrett*, for appellant.

*Lawson & Handy*, for appellees.

Mr. Justice FISHER delivered the opinion of the court.

This was a suit upon the official bond of Samuel Hamlin and sureties, as sheriff of Madison county. The declaration avers, that at the May term, 1838, of the circuit court of Madison county, Clifton & Allen recovered a judgment against John T. Boteler as drawer, and David M. Porter and others as indorsers, for the sum of $3874.97. That a writ of error was prosecuted to the said judgment to the high court of

errors and appeals, and that the same was dismissed at the January term, 1840, of said court, and judgment rendered against the principals and sureties in the writ of error bond; that said judgment was duly certified to the clerk of the circuit court, who issued an execution thereon, placed the same in the hands of Hamlin, then sheriff of Madison county, on the 12th of March, 1840.

After reciting this judgment and execution, the breaches of the condition of the bond are assigned. The first breach avers that Porter had property sufficient to pay by levy and sale the said execution, but that the sheriff totally refused and failed to levy and make said money.

. The second breach avers, that the other defendants in said execution had sufficient property to satisfy the same, if the sheriff had used proper diligence, &c., but that the sheriff failed and refused to levy, &c.

The third breach avers a failure on the part of the sheriff to make due return of said execution, according to the conditions of said sheriff's bond.

The fourth breach avers a false return on said execution by the sheriff. The return is set out as follows: "The within named defendants *hath* no goods or chattels, lands or tenements within my county, whereof I can make the sum within mentioned, or any part thereof; the property of D. Porter having been sold and applied to older executions." The breach concludes thus: "When in truth, and in fact, said defendant Hamlin did not apply the money raised on the sale of Porter's property to older executions, although said money amounted to the sum due on said execution."

The fifth breach, after the formal part, is in these words: "That the said Hamlin did not well and truly execute the same, according to the condition of the said sheriff's bond." This breach is however amended, by adding these words: "But failed to do so in this, to wit, that said Hamlin, (although said defendants had property sufficient to discharge said execution, while the same was in his hands as sheriff,) failed to levy the same on said property."

To the third, fourth, and fifth breaches the defendants de-

murred; but we consider it unnecessary to notice any other points presented by the record than the questions arising upon the eighteenth plea, and the replications thereto. If this plea sets forth a sufficient defence, it will, of course, dispose of all other questions in the record. It is immaterial how many pleas may be interposed to an action; if any one be sufficient in law and true in fact, it constitutes a complete defence. We will, therefore, confine our investigation to this plea.

The eighteenth plea is in these words: "And the said defendants, as to the fourth and fifth amended breaches in the said plaintiff's declaration above assigned, say *actio non*, &c., because they say, at the time when the said execution, in said declaration mentioned, was in the hands of the said Samuel Hamlin, sheriff, as aforesaid, there were also divers other writs of execution against the property of the said Porter, of which the said plaintiff's relator, Robert Shotwell, had for the most part the use, benefit and control; under and by virtue of which said executions, the said sheriff then sold all the property of the said Porter, in the said county, in due form of law; and the said Shotwell became the purchaser thereof for a large sum of money, namely, the sum of $12,542 at the sales thereof; and the said defendants aver, that the said Shotwell did not and would not make actual payment of the said purchase-money to the said sheriff, to the amount of the said executions, so owned and controlled by him as aforesaid, including the amount due on the said execution in the said plaintiff's declaration mentioned, but claimed and retained the said purchase-money to the amount of said execution; and this they are ready to verify," &c.

To this plea a replication was filed, stating that Shotwell did not retain the purchase-money to the amount of the Clifton & Allen execution, and on account of it. This replication was demurred to, and demurrer sustained.

It in effect admits that the money was retained, but denies that it was retained on account of the Clifton & Allen execution, then owned by Shotwell. If Shotwell retained the purchase-money, he was in some way liable to the sheriff therefor. He could only excuse himself from paying it to the sheriff by

exhibiting, executions owned or controlled by him, to which the law would apply the money. When, therefore, in his replication he in effect admits that he retained the money made by the sale of Porter's property, he should set forth his authority for so doing. The demurrer was therefore properly sustained to this replication.

Upon sustaining this demurrer, leave was granted the plaintiff to file another replication, which is in these words : " And the said plaintiff, as to the eighteenth plea by defendants above pleaded, to the fourth and fifth breaches in the declaration assigned, says *precludi non*, because he says, if the execution of Clifton & Allen had been levied on the property which was sold, and the same had been sold under said execution and the other executions, then the money which was raised on said sale to the amount of said execution of Clifton & Allen, or nearly so, would have been applicable to it." The balance of the replication it is not considered material to set out or notice, as it merely states that the other defendants in the Clifton & Allen execution had property, and if it had been sold the money would have been applicable to it, and that Shotwell would have been entitled to the money produced by said sale, in addition to the moneys which he retained. These facts do not vary the replication as set forth above, and, if they amount to any thing, it is not material to the defence set up by the plea.

Let us now briefly notice this case as it stands upon the plea and replication. The plea alleges, that the Clifton & Allen execution was the property of Shotwell at the time the property of Porter was sold under other executions, mainly owned and controlled by Shotwell; that this execution of Clifton & Allen was in the hands of the sheriff at the time of said sale ; that Shotwell became the purchaser of all of Porter's property, amounting to $12,542, and retained of said purchase-money a sufficient amount to satisfy the said execution.

Now what does the replication say ? That the Clifton & Allen execution would have been entitled to payment out of the proceeds of said sale, if the property had been sold under it. From this language we are to infer, that the Clifton & Allen execution emanated upon a judgment having a prior

lien to those under which the sale was made. Let us examine to what extent this position can avail Shotwell, the relator. If he purchased property under junior executions, it was still liable to a sale under senior executions against the same defendant. But he owned the junior and senior executions. Was a re-sale of the property therefore necessary, or indeed could he insist on it? We think not. If he purchased property under prior executions, he was nevertheless bound to give the credit to the senior one, (he being the owner of both,) as by the sale he acquired a title which could only be defeated by an execution emanating upon a judgment having a prior lien; and if he owned such judgment, he would hardly be guilty of the folly of selling his own property under it. By the sale he acquired all the rights of the defendant to the property, and by his replication he in fact admits that he owned the execution, which would protect this title against other creditors claiming under junior executions.

But the replication is insufficient on other grounds. It is liable to the same objection of the first one, in admitting that Shotwell retained the money, and not setting forth his right to do so.

We are, therefore, of opinion, that the demurrer was correctly sustained, and that the court was right in rendering a final judgment.

Let judgment be affirmed.