MOBILE AND OHIO RAILROAD COMPANY *v.* WILLIAM B. TROTTER.

1. LIEN: JUDGMENT: WHEN PRIOR LIEN POSTPONED.—A sale of property under a junior judgment, discharges it of the lien of an older judgment which is not levied, but the proceeds of the sale in such a case must be applied to the latter, unless the creditor has been guilty of some act of negligence, which will postpone his lien.

2. SAME: SAME.—The failure of the sheriff to levy an execution in his hands, at the same time that he levies an execution emanating from a junior judgment, is not a fault of the creditor, and his lien will not, therefore, be postponed to the lien of the execution actually levied.

ERROR to the Circuit Court of Clarke county. Hon. William M. Hancock, judge.

The proceedings in the court below, and the evidence on the trial of the motion, are fully set out in the opinion of the court, except the proof made of the solvency of Box, who was the surety of Shotts, on the judgment in favor of the plaintiffs in error.

The Circuit Court awarded the money in controversy to Trotter, the plaintiff in the junior execution.

*John D. Freeman*, for plaintiff in error.

*George L. Potter*, for defendant in error,
Cited Rev. Code, 524–5, Art. 261; 6 How. 530, 536, 543, 554; 7 Ib. 397.

HARRIS, J., delivered the opinion of the court.

The sheriff of Clarke county having in his hands an execution in favor of the defendant in error, against Nathaniel Shotts, issued on a judgment of the Circuit Court of said county, bearing date the 24th April, 1857, and enrolled on the same day, levied it, on the 15th day of September, 1857, on a wagon, and returned it, for want of time, to the October term, 1857.

On the 5th day of December, 1857, a *venditioni exponas* issued on this judgment, directing the sheriff to sell the wagon, which was returned executed, by a sale of the wagon, on the 4th February, 1858, for sixty-five dollars, which was claimed by the plaintiff in error, under a judgment of older date, against the same defendant and Simeon Box, rendered on the 14th of October, 1854, which money was returned into court, and the advice of the court asked as to its appropriation. The judgment of the plaintiff in error appears also in the record, dated as above, and enrolled on the same day. Afterwards, forthcoming bond was given and forfeited, and judgment thereon enrolled on the 9th May, 1856. Executions issued regularly on said judgment. No negligence is proven, and no notice to the plaintiff in error.

Neither under the Act of 1844, nor under the New Code, is an older judgment creditor deprived of his right to prior satisfaction, unless by some act of his, or some omission, whereby his right in law becomes postponed or extinguished. Nothing is shown in this record to justify the postponement or extinguishment of the lien of the judgment in favor of the plaintiff in error in this case.

It is insisted that the New Code has restored the rule existing prior to the Act of 1844, by which it was held that sale of property under a junior judgment alone was a sale subject to the lien of older judgments not levied, and that in such cases the junior judgments were entitled to the proceeds of sale. This is, we think, an erroneous construction of Articles 260 and 261. New Code, 524. After providing for enrolment, lien from the date thereof, and priority according to the order of enrolment, it is provided " that this priority of lien shall not extend to judgment creditors, who fail, refuse, or neglect to sue out execution, until a junior judgment creditor has by due diligence caused his execution to be levied on the property of the defendant; but in all such cases, the sale by the sheriff, &c., shall vest the title of the defendant in the purchaser, and the proceeds of sale shall be applied to the junior judgment. Provided, that before said junior creditor shall cause a levy to be made, he shall give notice to older creditors, on execution, that unless they proceed to levy in ten days, he will proceed; in that case, he shall have a preference under his levy.

The only event in which *this act* provides for the satisfaction of a junior judgment, in preference to one of older date and prior lien, is where, after ten days' notice to such older judgment, by his negligence, his execution is not sued out until after the levy of the junior judgment.

Here both executions were in the hands of the sheriff at the time of levy and sale. Why both were not levied does not appear; but certainly no default or neglect is shown on the part of plaintiff in error. And that the sheriff should, by his failure to levy executions in his hands, change the lien of judgments, and defeat the rights of parties, could not be permitted.

It is further *suggested* that plaintiff in error has judgment against another defendant also, besides Shotts, and for that reason should be postponed. We suppose this is not seriously intended.

Let the judgment be reversed, and judgment rendered here for the plaintiff in error.

A reargument was asked for, but refused.