## H. E. DIBBLE *v.* J. W. NORTON, Adm'r.

1. JUDGMENT—REVIVOR—SCIRE FACIAS.—Under our statute, an administrator *de bonis non* has a perfect right to appear in court and suggest the death of his predecessor, and ask that a judgment recovered by such predecessor be revived in his name, as successor in the administration; and he need not resort to the writ of *scire facias* for that purpose.

2. JUDGMENT—ENROLLMENT—PRIOR LIEN—FORFEITURE.—The administrators of N. obtained judgment against E., on the 8th September, 1860, which was duly enrolled on the 8th October, thereafter. Execution issued returnable to March term, 1860, was superseded by writ of error to the high court, which writ was dismissed by that court, but at what time does not appear. The surviving plaintiff died in 1864, and letters of administration *de bonis non* were granted to plaintiff, on the 19th November, 1866, who, on the 16th March, 1867, suggested the death of his predecessors, and had the judgment revived in his own name. On 13th September, 1860, he obtained judgment in same court against said E., which was duly enrolled on the 9th October, thereafter, upon which an execution was issued, returnable to the March term, 1867, and was levied, property sold, and the money made. *Held:* That the facts do not indicate any such negligence on the part of plaintiff as to work a forfeiture of the prior lien of the first payment.

3. SAME.—The provisions of the second clause of article 261, Rev. Code, 524, regulating the priorities of judgment liens, refers to living plaintiffs, who could legally enforce their judgments by execution, and do not apply to a case where all the plaintiffs are dead, and cannot properly be said to fail, refuse or neglect to sue out execution. No laches are imputable to the dead.

Error to the circuit court of Tippah county. CLAYTON, J.

The plaintiff in error assigned the following errors:

1st. The court below erred in granting the order of revival, upon the mere motion of defendant in error.

2d. The court erred in granting the order of revival, without directing a *scire facias* to issue to the defendants in the Norton judgment.

3d. The court erred in ordering the sheriff to apply the money to the Norton judgment.

*Davis & Hammond*, for plaintiff in error, contended,

1st. In courts of law, judgments can only be satisfied by means of execution or other process, and not by mere arbitrary decree.

2d. A sheriff cannot even receive money except upon an operative execution in his hands.

3d. No execution can issue upon a judgment, where either the plaintiff or the defendant is dead, without revivor.

4th. There can be no revival of a judgment without the writ or *scire facias,* and there is nothing in our statute to the contrary.

5th. The reason of the rule, is, that upon change of parties to the record, the other party is entitled to his day in court, to show cause, etc. This object is defeated, if a judgment be satisfied with or without execution, upon mere motion without notice to the judgment debtor.

Under our statute, Rev. Code, 524, art. 261, the oldest enrolled judgment is entitled to be first satisfied in all cases where an execution has been, or may be issued thereon; provided, the plaintiff has been guilty of no negligence, refusal or failure to sue out execution. In the absence of such negligence, where two judgment creditors have execution in the hands of the sheriff, the junior may secure priority by giving ten days' notice to the senior to proceed. 525, art. 261. But where there has been no execution sued out, such notice is not necessary. And where the failure to sue out execution arises from laches, fraud or collusion of the senior, his priority of lien is lost, and a sale under the junior judgment

would convey good title. And so would a sale under a junior execution, even where execution had been actually sued out on the senior; provided, the ten days' notice had not been given.

But if this failure to sue out execution arises from unavoidable circumstances, or from the act of the debtor, the senior retains priority; provided, he proceeds as soon as the obstacles are removed. So where the senior had sued out execution, and it came into the hands of the sheriff before the money made under a junior execution had been paid over, the senior would be entitled to satisfaction; provided, his judgment had been enrolled in time. Geo., 580. But under no circumstances can the senior judgment creditor claim money made under a junior execution, unless such senior has in the hands of the officer, an execution by means of which his judgment may be satisfied.

The money was claimed by Norton, and applied by the court, on the sole ground that the judgment was a lien entitled to satisfaction, unless the ten days' notice was given under the statute. As between different judgment creditors, there is no lien, only a right of priority satisfaction determined by priority of lien, as against the debtor, he who holds the oldest lien against the debtor being first satisfied, if he has not forfeited his right. If the judgment be dormant for a year and a day, it can only be enforced after revival by *scire facias.* If suspended by injunction or supersedeas, it cannot be effective until the obstructions are removed. So if a party does, it cannot be enforced until revival by *scire facias.*

There is nothing inequitable in this rule, and the one contended for by the defendant in error, would result harshly to the junior creditor, by forcing him to await the tardy action of the courts, and the pleasure of unknown parties.

Counsel for the plaintiff in error in support of the above argument, cited: 5 Eng. C. L. Reports, 89; Bingham on Judgments, 19–102–118–129, 130; Tidd's Pr., 1171; 6 Bacon's Ab., 108–112, Sci. Fa., ch. 4, 5, Execution, F; Foster's Scire Facias, 1, 2–99–174; 3 Black. Com., 417–421; 3 Chitty's Pl.,

107; 2 Institutes, 469, 471; Williams on Executors, 761; 1 Powell on Mort., 275, 575; Plowden, 441; Dalton, 144; 1 Lord Raymond, 244, 245, 251, 669; 2 ib., 658, 806, 808, 850; 2 Saunders, 71, note; 4 East, 523, 536; 1 Term, 29, 61, 751, 729; 2 ib., 595; 4 Co., 71 *a*; 1 P. Williams, 279; 30 East, 8, 24 *a*; 2 P. Williams, 492; 4 Kent, 434, 437; 2 Tucker's Com., 340, 363, 373; 2 Lomax on Executors, 76, 376, 462; 10 Peters U. S., 402; Hogan v. Lucas; 1 Peters U. S., 637; 13 Ark., 392; 3 ib., 313; 2 A. K. Marshall, 249; Peck, 30; ib., appendix, 73; 1 Cowen, 592; 5 Cowen, 390; 11 Johns., 112, 229; 12 ib., 162, 403; 13 ib., 255; 16 ib., 287; 17 ib., 274; 8 ib., 20; 2 ib., 422; 1 Yerger, 40; 1 Bland. Ch., 448; 4 Yerger, 270; 1 Martin & Yerger, 367; Rev. Code, 490, art. 73; 487, art. 52; 456, art. 124; 486, 487, arts. 49, 50, 51, 52; 490, art. 73; 526, art. 269; 487, art. 53; 43, art. 3; 524, art. 261, 262; 643, art. 1; 526, art. 270; 525, sec. 19; Hutch. Code, 881, 892, 896, 899; Poindexter's Code, 193; Rev. Stat., 1838, 52; Crane v. Bidwell, 25 Miss., 507; Edwards v. Ingraham, 31 Miss., 272; McFarland v. Wilson, 2 S. & M., 269; Wood v. Robinson, 3 ib., 271; Planters Bank v. Scott et al., 5 How., 246; Treadwell v. Herndon, 41 Miss., 38; N. O. & J. R. R. v. Rollins, 36 ib., 384; Smith v. Winston et al., 2 How., 601; Davis v. Helm, 3 S. & M., 17; Ammons v. Whitehead, 31 Miss., 103; Portevant v. Pendleton, 23 ib., 25; Hughes v. Wilkerson, 37 Miss., 482; Michie v. Planters Bank, 4 How., 130; Smith v. Everly, 4 How., 178; Biggam v. Merritt, Walk., 430; Drake v. Henly, ib., 540; Binney v. Bagett, 1 How., 39; Smith et al. v. Shipp, ib., 234; Robinson v. Green, 6 ib., 223; Com. Bank v. Coroner & Co., ib., 530; Todd v. Mayson, adm'r, ib., 543; Andrews v. Doe, ex dem., ib., 554; Foote, use, etc., v. Campbell, 7 ib., 477; Bibb v. Jones, ib., 397; Lucas v. Stewart et al., 3 S. & M., 231; Walker v. McDowell, 4 S. & M., 117; Calmer v. Ford, 6 S. & M., 190; Jennings et al. v. Dennis et al., ib., 379; Talbut v. Milton, 9 S. & M., 9; Banks v. Evans, 10 S. & M., 35; Wyatt v. Beaty, ib., 463; Parker v. Kelly et al., ib., 184; Reynolds v. Ingersol, 11 S. & M. 249; Heizer v. Fisher et al., 13 S. &

M., 672; Bonnafee v. Fisk, ib., 682; Robertson v. Demoss, 23 Miss., 298; Anderson v. the State, ib., 459; Moody v. Harper, 25 Miss., 484; Townsend v. Henry, ib., 203; Botters v. Eddington, 30 Miss., 580; Mississippi Central R. R. v. Harkness, 32 Miss., 203; Hightower v. Taylor, 35 Miss., 389; M. & O. R. R. v. Trotter, 36 Miss., 416; Reed v. Hailand et al., 38 Miss., 323; Brown v. Bacon et al., 27 Miss., 589; Tiffany v. Johnson, ib., 228; Moody v. Harper, 25 Miss., 484; Morgan et al. v. Reading, 3 S. & M., 366; Sessions v. Reynolds, 7 S. & M., 130; Boarman v. Catlett, 13 S. & M., 149; Lynn v. Gridley, Walker's R., 548; Pickens v. Morton, 2 S. & M., 428; Planters Bank v. Calvit, 3 S. & M., 143; Montgomery v. McGimpsey, 7 S. & M., 557; Kilpatrick v. Dye, 4 S. & M., 289.

No counsel for the defendant in error.

PEYTON, C. J.:

William Norton and P. A. Norton, as administrators of the estate ef William Norton, deceased, obtained a judgment in the circuit court of Tippah county, against James B. Ellis and others, for eight hundred and fifty-one dollars, on the eighth day of September, 1860, which was duly enrolled on the eighth day of October, 1860. An execution was issued on said judgment, returnable to the March term, 1861, of said court, which was superseded by writ of error to the high court of errors and appeals, where said writ of error was dismissed. P. A. Norton, one of the plaintiffs in said judgment, died in the spring of the year 1861, and the other plaintiff in the judgment, died in the year 1864; and J. W. Norton became administrator *de bonis non,* of the estate of William Norton, deceased, on the 19th day of November, 1866, and upon his suggestion of the death of the said plaintiffs, the judgment was revived in his name, on the 16th day of March, 1867. And on the 13th day of September, 1860, H. E. Dibble obtained a judgment in said court, against the said James B. Ellis, for one thousand four hundred and fifty two dollars and eighty-two cents, which was duly enrolled on the

9th day of October, 1860, and on which an execution was issued, returnable to the March term, 1867, which was levied upon a section of land of the said James B. Ellis, which was sold under said execution, on the 4th day of February, 1867, for seven hundred dollars, and on the 16th day of March, 1867, the court ordered the sheriff to apply the money arising from said sale, to the elder judgment in favor of the said J. W. Norton. From this judgment of the court, the said H. E. Dibble brings the cause to this court, by writ of error: 1. The court below erred in granting the order of revival upon the mere motion of the defendant in error. 2. The court erred in granting the order of revival without directing a *scire facias* to issue to the defendants in the Norton judgment. 3. The court erred in ordering the sheriff to apply the money to the Norton judgment.

As the two first assignments of error question the propriety of the revival of the elder judgment, in the name of defendant in error, without a *scire facias* to the defendants in that judgment, we will consider them together.

The counsel for the plaintiff in error, in their learned and elaborate brief, have exhausted the English learning upon the subject of *scire facias*. We think, however, that the question presented by this record, for our adjudication, may be decided by reference to the provisions of our own local law.

Our statute provides that if any executor or administrator should die, resign, or be removed, or his function should cease from any cause, before the estate is finally settled, suits or actions commenced by or against such executor or administrator shall not, for that reason, abate, but the same may be prosecuted by or against his successor in the administration, who may come in and make himself a party to suits or actions commenced by or against his predecessor, by proper suggestion; or, if he fails to do so, he may be brought in by the opposite party by *scire facias;* and all judgments recovered by or against any executor or administrator who has died, resigned, or been removed, may be revived for or against his successor in the same way. Rev. Code, 456, art. 124.

In the case under consideration the defendant in error appeared in court and suggested the death of his predeces- sors, and asked that said judgment be revived for him and in his name as successor in the administration of the estate of the said William Norton, deceased. If the successor in the administration fail to appear and make himself a party, then he may be brought in by the opposite party by *scire facias.* The successor has, under this statute, an undoubted right to have the judgment revived in his name without *scire facias,* upon the suggestion of the death of his predecessors. This right, in our opinion, is too clear to admit of a doubt. There is, therefore, no error in reviving the judgment in the name of the defendant in error without *scire facias.*

The third assignment of error impeaches the propriety of the judgment of the court in ordering the sheriff to apply the proceeds of the sale under the judgment of the plaintiff in error to the elder judgment of the defendant in error. It is insisted that the elder judgment has lost its priority of lien by the negligence of the plaintiffs to enforce it. They obtained their judgment at the September term, 1860, and had an execution isssued thereon, returnable to the next ensuing term of the court, which, in the meantime, was super- seded by a writ of error to the high court of errors and appeals. · This writ of error was dimissed by that court, but when that dismissal took place we are not informed. For aught that appears it may not have occurred until a short time before the death of the surviving plaintiff, which appears to have occurred in 1864. Thus far there is no evi- dence to show that they are justly chargeable with negli- gence, and no laches could be legally imputed to any one after their death until the judgment was revived in the name of the successor of the deceased plaintiffs in the administra- tion. The record shows that the defendant in error availed himself of the first term of the court after he took adminis- tration to have the suit revived in his name, and after revival of the judgment, but at the same term, he claimed the pro-

ceeds of the sale in the hands of the sheriff by virtue of the prior lien of his judgment on the property sold.

It is true, that the statute provides that the priority of lien shall not extend to judgment creditors who fail, refuse, or neglect to sue out execution of their judgment or judgments until a junior judgment creditor has, by due diligence, caused his execution to be levied upon the property of the defendant; but in all such cases the sale by the sheriff or other officer shall vest the title of the defendant in the purchaser, and the proceeds of such sale shall be applied to the satisfaction of the junior judgment creditor; provided, that before such junior creditor shall cause a levy to be made, he shall give notice to older creditors in execution, that unless they proceed in ten days to levy he will proceed. In that case he shall have a preference under his levy. Rev. Code, 524, art. 260.

This provision contemplates a case where there are living plaintiffs who could legally enforce their judgment by execution, and does not apply to a case where all the plaintiffs are dead, who cannot properly be said to fail, refuse, or neglect to sue execution. No laches is imputable to the dead. The same event which rendered it impossible for the plaintiffs in the elder judgment to sue out execution also rendered it impossible for the plaintiff in the junior judgment to perform the condition in the proviso, the performance of which gave him a preference under his levy. This is a state of things not anticipated by the legislature, and, therefore, not provided for. The rights of neither party are affected by the failure to perform an impossibility. The lien of the elder judgment could be displaced only by the negligence of the plaintiffs, and as that has not been made to appear, it continued a prior lien on the property sold to the time of the sale, which divested that lien, and vested the title of the defendant to the property sold, in the purchaser. And, as the proceeds of the sale remained in the hands of the sheriff to be applied under the order of the court, we think the defendant in error

was legally entitled to them by virtue of the prior lien of his judgment, and that the court below did not err in awarding them to him.    Let the judgment be affirmed.