## Thomas L. McKee *v.* Sarah C. Gayle et al.

Judgment Lien — Decree — Appropriation of money made under execution.— As between a judgment rendered on the 30th May, 1867, and enrolled 24th June following, and a decree in chancery rendered 8th December, 1866, but not enrolled until 2d March, 1871, money made under execution against the defendant, who was the same in the judgment and decree, in the absence of any facts to vary the plain provisions of the statute on this subject, is appropriable to the judgment.

Error to circuit court of Amite county.   Smiley, J.

*E. Safford,* for plaintiff in error.

No counsel for defendant in error.

Tarbell, J. :

This case comes to us by writ of error from the judgment of the circuit court of *Amite county,* rendered on a motion of the sheriff for directions as to the application of money arising out of the sale of property on execution. It appeared on the hearing of the motion that the sale was made on an execution in favor of Thomas L. McKee, against L. G. Gayle, issued on a judgment rendered in the circuit court of said county, May 30, 1867, for $266 40, and was enrolled June 24, 1867. The proceeds of the sale were claimed by Sarah C. Gayle, in virtue of a decree obtained in her favor against the said L. G. Gayle, in the chancery court of the aforesaid county, on the 8th day of December, 1866, for the sum of $25,755, and which was enrolled on the judgment roll of the circuit court of said county, March 2, 1871. On the said 2d day of March, 1871, executions issued both on the judgment and the decree above described, and both levied on the lands of the defendant, L. G. Gayle, and the lands sold. This was all the evidence submitted upon the motion, and on the hearing the court made the following order : "It is ordered by the court that the money arising from the sale of defendant's land under execution in the case of Thomas L. McKee v. L. G. Gayle,

be appropriated by the sheriff to the payment of the execution issued on the decree in the case of Sarah C. Gayle v. L. G. Gayle."

To this order the plaintiff in error excepted and now asks the judgment of this court thereon. The error assigned is this : "The court erred in awarding the money to Sarah C. Gayle, the decree in her favor having been enrolled subsequent to the enrollment of the judgment in favor of plaintiff in error."

This case is governed by articles 260, 261, 262, 263, Code of 1857, pp. 524, 525, regulating the enrollment and lien of judgments and decrees. If there are facts and equities relieving the question at bar from the strict letter of the statute, they are not contained in the record.

By article 260 it is made the duty of the clerk to procure and keep one or more books to be styled, "the judgment roll," wherein, within thirty days after the adjournment of each term of the court, he shall enroll all final judgments and decrees rendered at said term. The judgment of plaintiff in error was rendered May 30, 1867, and enrolled June 24, 1867, within the time required by statute. By article 261, "All judgments and decrees so enrolled shall be a lien upon and bind the property of the defendant or defendants within the county where so enrolled from the rendition thereof, and shall have priority according to the order of such enrollment."

The judgment of McKee, therefore, became a lien from May 30, 1867.

But the priority of lien provided for in article 261 shall not extend to judgment creditors who fail, refuse or neglect to sue out execution until a junior judgment creditor has, by diligence, caused his execution to be levied, provided, that before said junior creditor shall cause a levy to be made he shall give notice to older creditors in execution, that, unless they proceed in ten days to levy, he will proceed, in which case he shall have a preference under his levy. This provision of article 261 has no bearing upon the

question under consideration in the absence of facts making it applicable. Article 262 has reference to judgments and decrees when the lands are situated out of the county where the judgment or decree is rendered. Article 263 is as follows: "Judgments and decrees in law or in equity, rendered in any court of the United States held within this state, or in the high court of errors and appeals, the courts of chancery or probate courts of this state, shall not be a lien upon or bind the property of the defendants within the county in which such judgments or decrees may be rendered, until an abstract thereof shall be filed and recorded in the office of the clerk of the circuit court of the county, and enrolled on the 'judgment roll,' in the manner and on the terms hereinbefore provided; and such judgments and decrees shall bind the property of the defendants, from the date of such enrollment, in like manner as judgments and decrees rendered in a different county and so enrolled." This article needs no exposition beyond its plain reading and positive enactments. We can neither detract from nor add to its terms, and when a case comes *plainly and un-equivocally* within its provisions, we can only adjudge accordingly. Were this a case of doubt, requiring comparison and interpretation, it might occupy a different attitude. But the facts and the statute are both unequivocal. The one judgment was obtained in 1867, and its lien dates from May 30 of that year. The decree was rendered in 1866, but it was not enrolled, and, by implication, the abstract was not furnished by the chancery clerk to the circuit court until March 2, 1871, on which day it was enrolled and became a lien. Without departing from the plain letter of the law, and in the absence of all facts and circumstances why we should do so, or of the considerations which induced the action of the circuit court, we are conducted to but one conclusion upon the face of the statute, independently of the decisions of our courts. But see Dibble *v.* Norton, 44 Miss. 158, with reference to the Code of 1857, under consideration; *vide,* also, construing Hutch. Code,

Brown v. Hamlin, 23 Miss. 392 ; Botters & Co. v. Edrington, 30 ib. 582, and Miss. Cent. R. R. Co. v. Harkness, 32 ib. 204. The question under consideration seems to be well settled by a series of adjudications.

The judgment of the circuit court, directing the sheriff to appropriate the money in question upon the execution in favor of Sarah C. Gayle, is reversed, and it is adjudged by this court that the plaintiff in error is entitled thereto, upon the record presented to us.

*Judgment accordingly.*