SHEPHERD, MCCREERY & COMPANY, plaintiffs in error, *vs.*
JOHN RYAN, executor, defendant in error.

1. Where a *scire facias* was sued out to revive a judgment which was
not, at the time of the institution of such proceedings, dormant, but
which does become dormant pending the *scire facias*, the allegation of
such new facts, by amendment, will not prevent the dismissal of the
*scire facias.*
2. A *scire facias* was sued out, not only requiring an executor to show
cause why a judgment obtained against his testator during his life
should not be revived, but also why he should not be made a party
thereto in place of the deceased. The judgment was not in fact dor-
mant at the time such proceeding was instituted, but became so pend-
ing the same. The plaintiff was, nevertheless, entitled to proceed for
the purpose of making the executor a party; and having attained this
end, he might, by amendment, require such executor to show cause
why such judgment should not be revived.

*Scire facias.* Judgments. Administrators and executors.
Amendment. Parties. Before Judge HOPKINS. Fulton
Superior Court. October Term, 1874.

This case is fully reported in the decision.

L. E. BLECKLEY, for plaintiffs in error.

A. W. HAMMOND & SON, for defendant.

WARNER, Chief Justice.

On the 30th of December, 1869, the plaintiffs sued out a
*scire facias*, in which they alleged that on the 18th day of
April, 1855, they obtained a judgment against one Lamb,
who, since the rendition of said judgment, had departed this
life leaving an estate, and that John Ryan had been ap-
pointed executor of said Lamb. The plaintiffs also alleged
that said judgment had become dormant. Therefore the said
John Ryan, executor of said Lamb, deceased, was required
to show cause at the next term of the superior court why he
should not, as executor aforesaid, be made a party defendant
to said judgment in lieu of said Lamb, deceased, and also to

show cause why said judgment should not be revived. The *scire facias* was duly served on Ryan, and continued on the docket until the last fall term of the court, when it came on to be heard. The defendant made a motion to dismiss the *scire facias*, on the ground that the judgment was not dormant at the date of the *scire facias*. The plaintiffs then amended their *scire facias*, and alleged that at the time of bringing the *scire facias*, as the law was then held by the supreme court of the state, said judgment was dormant, which holding of the court was not changed or reversed until the year 1873, and in the meantime the said judgment, pending this *scire facias*, had become dormant as the law is now held by the supreme court, and needs to be revived, and is still unpaid, the plaintiffs offering to do equity by payment of costs, etc., and that the said executor be required to show cause why said judgment should not now be revived, without compelling them to commence a new proceeding for that purpose. By the entries on the execution, as shown by the record, it is clearly apparent that the judgment was not dormant at the date of the filing of the original *scire facias*; indeed, that fact was not disputed under the law as now held and recognized by this court. The court sustained the motion to dismiss, holding that the judgment was not dormant when the *scire facias* was brought, and the proceeding being then without foundation, can derive no support from what has transpired since. Whereupon the plaintiffs excepted.

1. If the original *scire facias* had not sought to do anything more than to revive the judgment, if that had been its only object and purpose, then the judgment of the court dismissing it would have been unquestionably right. Whilst the judgments of this court in relation to the dormancy of judgments in the cases in which the same were rendered would be the law as to those cases, still it would not have been the general law of the state which the court could have recognized, when those decisions had been reversed and declared not to be the law as applicable to dormant judgments.

2. The *scire facias* not only called upon the executor to

Shepherd, McCreery & Company *vs.* Ryan.

show cause why the judgment should not be revived, but also called on him to show cause why he should not be made a party defendant to the judgment in lieu of Bernard Lamb, deceased, and the question is, whether the plaintiffs were not entitled to have had their *scire facias* kept in court for *that purpose.* It is true, that under the law of this state, the plaintiff in a judgment obtained against a defendant in his lifetime may enforce it against his property after his death, without making his executor or administrator a party defendant thereto; but suppose he desires to make the executor or administrator a party defendant to the judgment, has he not the legal right to do so by *scire facias,* according to the common law of force in this state? That was the mode prescribed by the common law anterior to the revolution, and we are not aware of any statute of this state in conflict with that common law rule, and it is often essential to the rights of the parties that the executor or administrator should be made a party defendant to a judgment obtained in the lifetime of the testator or intestate, and in the absence of any statutory provision for that purpose, we must look to that nursing mother, the common law, for the remedy, and there we find that the remedy provided is by *scire facias.* The judgment obtained against the testator in his lifetime may be enforced by an execution after his death, without making his executor a party thereto, by levying the same on his property, if *to* be found. But suppose the property of the testator consists of money and *choses* in action, which are not subject to levy and sale, and are in the hands of the executor, and the plaintiff desires to reach the assets and have the same appropriated in satisfaction of his judgment, what is his proper remedy? By the well established principles of the common law, the plaintiff could not bring an action of debt on the judgment against the executor suggesting a *devastavit,* because the executor was no party to that judgment. The rule is thus stated by Williams on Executors, volume 2, 1700: "But no action of debt suggesting a *devastavit* by the executor lies against him upon a judgment obtained *against his testator;* because that is no

admission of assets by the executor, and therefore, in such cases, it is necessary to sue out a writ of *scire facias* against the executor to make him a party to the judgment." The case of Berwick *vs.* Andrews, 2 Lord Raymond, 972, supports the rule as stated by Williams. See, also, Wheatley *vs.* Lane, 1 Saunders' Reports, 219, note *b.* When the executor is made a party to the judgment obtained against his testator, by the judgment of the court, on the return of the *scire facias*, then it is his duty to plead thereto in the manner pointed out by law for his protection as such executor, if he has any defense to make. Inasmuch as the plaintiffs had the legal right to have had the *scire facias* issued against the defendant, as executor, to show cause why he should not be made a *party defendant to the judgment* obtained against his testator, it was error in the court to dismiss the *scire facias*, although the judgment sought to be revived was not dormant. And the court having the parties properly before it by *scire facias*, there would seem to be no legal or equitable reason why the *scire facias* should not be amended upon such terms as the court might think proper to impose for the protection of the rights of the defendant, so as to prevent surprise, and to require him to show cause why the judgment should not be revived, if, indeed, it had become dormant during the pendency of the *scire facias*. *Scire facias* is amendable as other pleadings: Code, sec. 3489. This, in our judgment, would be in harmony with the spirit and intention of the provisions of the Code. Whether the judgment is, in fact, *now* dormant or not, we express no opinion; we leave that an open question, to be decided when the defendant shall have been heard.

Let the judgment of the court below be reversed.