## CHARLES W. CURRY VS. LAMPKIN & CONNER.

1. JUDGMENTS: *Lien thereof; Code of* 1871, § 830, *et seq.*

   A judgment binds all the property of the defendant, if duly enrolled, from the date of its rendition. But this priority of lien does not extend to creditors who fail or neglect to sue out executions until a junior judgment creditor has by diligence caused his execution to be levied.

2. SAME : SAME.

   In order that a junior judgment creditor may have the preference, he must give ten days' notice to the senior judgment creditor to levy. If no steps are then taken by the senior creditor, the junior creditor would acquire a preference under his levy. The purchaser takes the property discharged from all judgments, whether the sale was made under the junior or senior judgment.

3. SAME: *Case in judgment.*

   The junior judgment creditors in the case at bar, having given the required notice, and the senior judgment creditors having failed to levy within the ten days, acquired a prior lien on the property of their debtor, and the money realized by reason of their superior diligence, are entitled to it.

ERROR to the Circuit Court of *Oktibbeha* County.

Hon. J. A. ORR, Judge.

The facts of this case are very fully stated in the opinion of the court.

The following errors are assigned, to wit:

1. The court erred in giving precedence to the judgment of Lampkin & Conner over the judgment of Curry.

2. The court erred in giving precedence to the judgment of David Pressly, county superintendent, over the judgment of Curry.

3. The court erred in instructing the sheriff to apply the funds in his hands: 1. To the judgment of Lampkin & Conner; 2. To the judgment of David Pressly, county superintendent; 3. To the judgment of Samuel Curry.

*Dennis & Pilcher,* for plaintiff in error :

The question in this case arises under § 830, code of 1871. Can a junior judgment creditor defeat the lien of a senior who sues out his execution immediately upon notice given, without pointing out property ? The only authority cited by counsel is Townsend et al. *v.* Henry, 26 Miss., 205, and it recognizes the principle laid down in Wyatt *v.* Beatty, 10 S. & M., 463. As to negligence, we refer to George's Digest, Division Judgments, arts. 92, 97, 98, 109. Only gross negligence or fraud will deprive a senior judgment creditor of his priority. Smith *v.* Everly, 4 How., 178 ; Robinson *v.* Green, 6 id., 223 ; Lucas *v.* Stewart, 3 S. & M., 231.

*Muldron & Nash,* for defendants in error :

The judgment is correct and should be affirmed. Code of 1871, § 830. It is admitted that plaintiffs in error had the oldest judgment, and ordinarily would be entitled to prior satisfaction, unless we can bring ourselves under some exception to the rule. The junior creditor used diligence in searching for the property. See Townsend et al. *v.* Henry, 26 Miss., 205. He must sue out his execution, find the property and make the levy. If he fails to do so after due notice, he cannot avail himself of the labor of another creditor who has used extra diligence.

SIMRALL, J., delivered the opinion of the court.

The sheriff reported to the circuit court that he had realized by the sale of the property of W. H. Cross, under sundry executions, $380, and asked the instruction of the court as to the application of the money.

Samuel Curry, David Pressly, county superintendent of education, and Lampkin & Conner, had respectively recovered judgment against Cross. The rights of these judgment creditors were de-

pendent on these facts : The date of Curry's judgment was 22d October, 1867, for $1,720.14; that of Lampkin & Conner, 26th October, 1868, for $1,612.42 ; that of Pressly, county superintendent, 1st April, 1872, for $1,030.50.

These judgments were respectively enrolled in the order of their rendition, were in full force, and unsatisfied.

On the 26th February, 1873, the attorneys for the junior creditors gave notice to Curry, the senior creditor, that unless he proceeded in ten days to levy his execution, the junior creditors would proceed to levy their executions.   On the same day of the notice, Curry sued out his execution, and placed it in the hands of the sheriff, with instructions to levy this execution ; was returned to the ensuing April term, "no property found."

The attorneys for the junior creditors placed their executions in the sheriff's hands, and pointed out several parcels of land upon which the levy was made the 19th of May, 1873.   On the 29th of the month, Curry sued out another execution, which, on the same day, was levied on the land.   Under these executions the sale was made the 7th of July, 1873.

It was admitted that the attorneys for the junior judgment creditors discovered the property and pointed it out to the sheriff.

The circuit court ordered the money to be paid to the junior creditors according to seniority, rejecting altogether the claim of Curry, surviving executor, etc., the senior judgment creditor. From that judgment he has brought the case to this court by writ of error.   These several judgments having been duly enrolled, "bound the property of the defendant in the county, from the date of rendition."   § 830 of the Code of 1871.   But this priority of lien shall not extend to judgment creditors who fail, neglect, or refuse to sue out execution until a junior judgment creditor has by due diligence caused his execution to be levied, etc.

But in order that the junior judgment creditor may have the preference over the senior creditor who " fails or refuses or neglects to sue out execution, he must give him ten days' notice to

proceed and make a levy. If after such notice no steps are taken, then the junior creditor would acquire a preference under his levy." § 830, Code. The joint effect of the next two sections is: "*First.* That the purchaser takes the property discharged of all judgments and liens, whether the sale be under the elder or junior judgment. *Second.* The sheriff shall examine the judgment roll and pay over the money to the creditor having the prior judgment lien ; or if a dispute shall arise as to the preference and priority, he may submit the question to the court to determine to which judgment or decree the money shall be applied."

The rule then established by the statute is, that the judgment or decree having the oldest lien upon the property shall have the money produced by a sale, whether made under a senior or junior judgment, or both, unless the senior judgment has lost its lien by reason of the negligence of the creditor, and the junior creditor has acquired the advantage over him by giving the ten days' notice, and pursuing the course prescribed in the proviso to section 830.

No matter under what executions the sale may be made, the purchaser acquires whatever title the judgment debtor has (§ 831), and the conflicting creditors are remitted to a controversy over the money. § 832.

It will be observed that the junior obtains the preference over the senior creditor by positive action on his part, and nonaction on the part of the senior. If, after the notice, the senior creditor fails, or neglects, to make the levy, then the junior creditor may proceed and make the levy.

The theory of the existing statute, as well as of its predecessors, is, and has been, to give the priority of lien to the eldest judgment, unless by some act of omission or commision by the creditor it has been lost. If the execution in the senior judgment has been regularly issued, it will not be postponed to a junior creditor who has pointed out the property to the sheriff. Lucas *v.* Stewart, 3 S. & M., 231; Robinson *v.* Green, 6 How., 223.

Nor a failure to levy for several terms, unless caused by the

creditor.   Talbert *v.* Melton, 9 S. & M., 9.   The conduct of the sheriff by a failure to levy an execution in his hands, will not change the lien of judgments.   Mobile & Ohio R. R. Co. *v.* Trotter, 36 Miss., 416.

Speaking with reference to art. 261, Rev. Code, 1857, p. 524, which is precisely sec. 830 of the present code, in Dibble *v.* Norton, Adm'r, 44 Miss., 165, it was said : " The lien of the judgment could only be displaced by the negligence of the plaintiffs."

If the levy had been made under the executions which were returnable to the April term, clearly Curry, executor, would have been entitled to the money, for he promptly sued out the writ and placed it in the hands of the sheriff.

Nor can any laches be imputed to him, unless it be that he took out an *alias* execution on the 29th of May ; whereas the junior creditors had issued their writs ten days before that, on the 19th, and had caused a levy to be made.   Curry's execution was also levied on the 29th, and the sale took place the 7th of July afterwards.   Curry, after securing the notice, did not " levy his execution within ten days thereafter."   The notice was given on the 27th of February, nor was a levy made by him until the 29th of May, which was ten days after the junior creditors had pointed out the property to the sheriff, and caused their execution to be levied upon it.   The junior creditors have, by their superior diligence, displaced the priority of the elder creditor.   They gave him the opportunity provided in the proviso to section 830 of the code to retain his advantage by proceeding to levy within the time named.   Curry issued his process in due time, but could not indicate property to the sheriff.   Three months, nearly, after this, the junior creditors point out property and cause a levy, before the senior creditor had issued an *alias* writ.   That levy had been made ten days before they took out an *alias* execution.   It is highly probable that the levy suggested to Curry the issuance of his execution.

We are of opinion that the junior creditors have complied with

the statute, and by their superior diligence have fairly entitled themselves to the preference.

There was no error, therefore, in awarding to them the money. The judgment is affirmed.