## GRANTLAND *v.* CITY OF MEMPHIS.

*(Circuit Court, W. D. Tennessee. May 20, 1882.)*

SCIRE FACIAS—REVIVOR OF JUDGMENT—EXTINCT MUNICIPAL CORPORATION—SUCCESSOR—INTEREST.

The legislature having abolished the charter of the city of Memphis and organized the same inhabitants and territory into a municipal corporation by another name, and the supreme court having construed the legislation as creating a successor to the old corporation liable for its debts, *held,* that *scire facias* is the proper remedy to revive a judgment existing against the old corporation at the time of the repeal of the charter, against the new corporation; and that the fact that the assets of the extinct municipality are undergoing administration in a court of equity under regulations prescribed by the legislature does not defeat the plaintiff's right to a revivor, nor does the fact that there is no property liable to execution in the hands of the new corporation defeat that right. And interest on the judgment is allowed by the statutes.

The plaintiff recovered in this court on June 14, 1879, a judgment against the city of Memphis for $1,778.75. A *scire facias* issued against the taxing district of Shelby county, to show cause why this judgment should not be revived against it as the successor of the city of Memphis, to which the taxing district has demurred, because—

"(1) From the face of said writ it appears that the plaintiff in the above-entitled cause has already recovered a judgment against the city of Memphis, and therefore there can be no revivor against this demurrant. (2) It is insufficient, because there was none of the goods and chattels or assets of said city of Memphis in this defendant's hands at the death of said city of Memphis, and are not now any of the same to be administered, but these assets and all others of said city were and are devoted by law to the payment of the debts of said city, including this judgment, wherefore there can be no revivor by writ of *scire facias* against this defendant."

By acts of the legislature the charter of the city of Memphis was abolished, and a corporation organized with municipal powers except those of taxation, which were reserved to the legislature, by which body all taxes for municipal purposes are levied. This new corpora-

tion is composed of the same inhabitants and territory as the old city of Memphis, but its official style is "The Taxing District of Shelby county," and it is by this *scire facias* sought to revive this judgment against it.

*William M. Randolph,* for plaintiff.

*C. W. Heiskell,* for defendant.

HAMMOND, D. J.   The Revised Statutes, § 716, authorize the federal courts to issue the writ of *scire facias* according to the usages of the common law and the law of the states.   Bump, Fed. Proc. 401, and notes; *Bank* v. *Halstead,* 10 Wheat. 51, 55.   The uses of the writ at common law and under the early English statutes are very numerous, though there was some dispute whether strictly, at common law, it applied to any personal action.   Foster, Scire Facias, *passim;* 8 Bac. Abr. (Bouvier's Ed.) tit. "*Scire Facias;*" 2 Tidd, Pr. (3d Ed.) 1090; 63 Law Lib. 1 *et seq.*; Freeman, Ex'n, §§ 81–97; Freeman, Judg. (2d Ed.) §§ 442–450.   But the uses of the writ have been very much extended by later statutes in the parent country and in the United States.   12 U. S. Dig. (F. S.) 56; 8 Jac. Fish. Dig. 12025; Tenn. Code, tit. "*Scire Facias,*" §§ 2257, 2272, 2855–6, 2987, 3576, 4425.   An example of its extended use will be found in *Winder* v. *Caldwell,* 14 How. 434, where it was employed to enforce a mechanic's lien.

And it will be observed, in reading the law on the subject of the writ, that these statutes and the practice under them have, as a principal object, the simplification of its use and the employment of its functions to meet almost any contingency that may arise requiring notice to parties outside of the record on which it is based that their interests are, or are about to be, or may properly be, affected by the proceeding.   It is a very convenient writ, and the tendency to make it serve these purposes has resulted in cutting loose from much of its technical environments in the ancient law.   It now accommodates itself to almost any case in which its use is either necessary or desirable.

Still, the statute above referred to, authorizing this and other remedial writs, does not extend to the point of enlarging our jurisdiction by means of the writ to be issued, nor is its use unrestricted by well-defined principles that control the court in determining the rights of the parties.   *U. S.* v. *Plumer,* 3 Cliff. 28.

I have not been able to find and no case has been cited precisely like this, which is not strange, since the circumstances are peculiar, the abolition of one municipal corporation and the substitution of

another in its place being a rare occurrence. But among the very earliest cases are found strong analogies to this case. In *Atkins* v. *Gardener,* Cro. Jac. 159, a college of physicians in London recovered under a statute a judgment as a penalty against a doctor for practicing physic without a license, the suit being brought in the name of the president of the corporation. He died after judgment, and on *scire facias* to revive the judgment in the name of his *successor* it was contended that the *scire facias* should have been in the name of his *executor* or *administrator;* but the court overruled the objection because the suit was given to the college, and the president having recovered in right of the corporation the law transferred the duty to his successor. 8 Bac. Abr. 600. And, on the other hand, if one have judgment against the vicar, and before execution the vicarage is united to the parsonage, he brings his *scire facias* against the parson. *Dean and Chapter of Litchfield's Case,* 20 Edw. IV. fol. 6, pl. 7; Grant, Corp. 638, 639.

And so the later decisions under statutes giving corporations the right to sue in the name of a public officer for the time being, or in the name of some officer of the company for the time being, whenever by death or otherwise there was a change of officers, and new parties succeeded, the *scire facias* was necessary to bring them to conform the judgment and execution to each other and make the record consistent with itself, because without this consistency the rule was relentless that there could be no execution. Foster, Scire Facias, book 2, *cc.* 1, 2, p. 99; Id. book 1, *c.* 7, p. 90, and cases cited. The contention was that in such cases the mere suggestion would be sufficient; but it was finally determined that there must be a *scire facias.* The court said, in *Bosanquet* v. *Ransford,* 11 A. & E. 520; S. C. 2 Q. B. 972: "The uniform course, if new parties are introduced, is by *scire facias;* on suggestion, is applicable to collateral facts affecting the same parties; as, for example, change of name and similar matters." *Cross* v. *Law,* 6 M. & W. 217; S. C. 8 Dowl. 789; *Harwood* v. *Law,* 7 M. & W. 206; S. C. 8 Dowl. 904; *Bartlett* v. *Pentland,* 1 B. & A. 704. In *Webb* v. *Taylor,* 1 D. & L. 676, Patterson, J., said: "The banking company are in truth the real parties to the suit, and ought to be allowed to make the substitution they propose." Foster, Scire Facias, 104.

And so, here, the real party is the municipality of the city we know as Memphis, and its change of name or rehabilitation into a new corporation would seem to be the very case for a *scire facias* to bring

it in; if for no other purpose, to make the record consistent with itself. The statute of Westm. 2, 13 Edw. I. *c.* 45, gave the *scire facias* for the very purpose of allowing new parties to be introduced into the record; and although in a general way it is usually applied in cases of change of parties by death, marriage, and bankruptcy, it is by no means confined to these changes, but extends to any change whatever. The statement of the rule is: "Whenever it is sought to fix a party on a judgment given against another, it must be done by *scire facias;* the rule being that where a new person, who was not a party to a judgment or recognizance, derives a benefit by or becomes chargeable to the execution, there must be a *scire facias* to make him a party to the judgment or recognizance." Foster, Scire Facias, 6; 2 Inst. 471; *Cross* v. *Law, supra; Penoyear* v. *Brace,* 1 Ld. Raym. 245; *Offut* v. *Henderson,* Cro. Car. 553; *Brown* v. *Railroad Co.* 4 FED. REP. 770; *Dibble* v. *Norton,* 44 Miss. 164; *Shepherd* v. *Ryan,* 53 Ga. 563.

It is said in *Nat. Bank* v. *Colby,* 21 Wall. 609, that a corporation dissolved becomes "a defunct institution, and a judgment can be no more rendered against it than could be rendered against a dead man dying *pendente lite.*" And further, it was held that it requires legislation to prolong its life for the purposes of continuing suits by or against it. The supreme court of Tennessee has decided that the legislation abolishing the city of Memphis has substituted for it, as its successor, the taxing district of Shelby county, the defendant to this *scire facias,* and that suits may be revived against it. If this be so, judgments may be revived as well under the rules above indicated. *O'Connor* v. *Memphis,* 6 Lea. 730; *Luehrman* v. *Memphis,* 2 Lea. 425; *Meriwether* v. *Garrett,* 102 U. S. 472; Acts of Tennessee, 1879, *c.* 92, p. 127; Id. *c.* 15, p. 26. The legislation itself provided that all suits pending should be prosecuted to final determination "without change of parties;" but subsequently, in amending the section containing that provision, it was omitted. Acts of Tennessee, 1879, pp. 26, 104, §§ 5, 14. This makes it at least prudent to proceed by *scire facias,* whether or not mere suggestion would be sufficient. It is settled that because a *scire facias* is unnecessary does not render it invalid. Foster, Scire Facias, 87; *Brown* v. *Railroad Co. supra.*

It is argued for the defendant that the only purpose of a *scire facias* is to have execution, and many cases are cited which show that no new judgment can be entered adding interest and costs, but that the judgment only awards execution on the original judgments; and a case under our practice of subjecting land descended to the heir by

*scire facias* holds that the writ cannot issue unless there be a suggestion on the record that lands have come into the hands of the heir. *Frierson* v. *Harris*, 5 Cold. 146. This argument is true where the sole purpose is to revive a dormant judgment against the same party, but where a new party is to be introduced into the record the *scire facias* not only performs the function of awarding execution, but of introducing the new party as a party and making the judgment one against him. *Shepherd* v. *Ryan*, *supra*; Foster, Scire Facias, 191, notes *p* and *q*. It does not follow because no additional judgment can be entered for interest, as the cases cited for defendant decide, that no more is done than award execution. The object of the writ is to bring the new party into the record as a plaintiff or defendant and to give him an opportunity to make defence against that purpose. The form of the judgment awards execution on the original judgment, to be sure, but in doing this it makes the defendant to the writ a technical party to the judgment. And this class of cases has no analogy whatever, in my judgment, to that of land descended to the heir. The heir is not liable for the debt, but only the property in his hands, *while the successor here is liable* because it is the same debtor under a different name. The defendant's cases do not establish any other doctrine than this. *Payton* v. *Stuart*, Peck, 156; *Bryant* v. *Smith*, 7 Cold. 113; *Frierson* v. *Harris*, 5 Cold. 146; *Anderson* v. *Clark*, 2 Swan, 158; *Taylor* v. *Miller*, 2 Lea. 153; *Murray* v. *Baker*, 5 B. Mon. 172; *Treasurer* v. *Foster*, 7 Vt. 52; *Hall* v. *Hall*, 8 Vt. 156; *How* v. *Codman*, 4 Me. 79; *Tindall* v. *Carson*, 1 Harr. (N. J.) 94; *Walton* v. *Vanderhooff*, 1 Pen. (N. J.) 73.

It is also argued for the defendant that inasmuch as the only purpose is to have execution of the assets of the old city, and these assets are being administered under the legislation in the chancery court, there can be no *scire facias*. This seems to me to be the same thing as saying that the court should withhold judgment because the execution will be returned *nulla bona*. But the assumption is not a sound one. The object and effect of the writ is to charge the taxing district as a judgment debtor, bound to satisfy the debts of the municipality. The supreme court of the state has held it to that liability. A judgment is to be satisfied, not only out of existing property, but future acquisitions, and it does not appear but that at some time there may be property subject to execution. And more than this: the state may at some time devolve on the defendant the duty of levying taxes, or collecting taxes to pay this judgment, and under our practice there must be a judgment and *nulla bona* return to

authorize the execution process of *mandamus* to compel the discharge of that duty. It is a right, therefore, of the plaintiff to make the defendant a party to the judgment by this *scire facias.*

Demurrer overruled.

On the coming in of the order a question is made as to its form in awarding judgment. The defendant insists no interest shall be added, and, so far as the entry would compound the interest, this is correct. The order should award execution against the taxing district for the amount of the original judgment and interest, which is, however, to be calculated in the marshal's office, on the execution, as in all cases. Perhaps the common law did not allow interest on judgments, but our statutes do, and this judgment is no exception because it needs revivor by *scire facias.* Rev. St. § 966; Bump, Fed. Proc. 678; Tenn. Code (T. & S. Ed.) § 1948.