WALSH, LEONARD & JACKSON *v.* HASWELL. <span style="float:right">CHITTENDEN,<br>*January*,<br>1839.</span>

A writ of scire facias is a judicial writ, and must be signed by a judge or
the clerk of the court from which it issues.

*Scire facias* against bail on mesne process. The original
writ, on which the bail was taken, was issued from and re-
turnable to the county court. The writ, in the present case,
was issued by a justice of the peace. The defendant plead-
ed in abatement, that the justice had no authority to sign the
writ. Judgment of the county court that the writ abate, to
which plaintiffs excepted.

*J. N. Pomeroy*, for the plaintiffs.

The question is, upon the construction to be given to our
judiciary act, and particularly the 24th section.

The words *writ* and *process*, although originally having a
different meaning, are applied to the same proceeding, both
in common law books and in our statute, and, in the 24th sec-
tion of the judiciary act, are evidently used synonymously, and
are exclusively applied to the means of compelling the de-
fendant to appear in court. (Black. Com. vol. 3 p. 272 and
278.) Comp. Statutes, vol. 1 p. 63–4, Jac. Law Dict, title
*process*.

Hence the terms "every such writ *or other process* return-
able," &c., mean, it is contended, the same as if the expres-
sions were "every such writ (of summons or attachment) *or
other writ*.

But it will be contended that the writ in question is a *judi-*

CHITTENDEN, *cial* writ, and that these statutes refer only to *original* writs
January,
1839.     and processes.

Walsh *et al.*     We contend that the writ in question is not, technically or
*v.*       practically, any more a *judicial writ* than any writ of attach-
Haswell.   ment.   Black. Com. vol. 3 p. 282.

But admitting that this distinction is indicated in our stat-
ute, a comparison between the 2d and 4th clauses of the 24th
section will show that both kinds of writs are included in the
2d clause.   The only limitation as to justices is—as it is, by
the same terms, to the clerks of the courts—that the power
does not extend to writs *properly* judicial—such as issue on
the sound discretion of the judges—but only such writs as is-
sue ministerially.

But writs of scire facias generally, being virtually made
*writs of summons,* and writs of scire facias against bail being
expressly made *writs of attachment* in this same judiciary
act, (sec. 27 and 31,) the writ in question comes within the
words as well as the meaning and reason of the 1st and 2d
clauses of the 24th section, to wit, "every such writ" (of sum-
mons or attachment.)

Moreover, in No. 38 of the same act, it is enacted that
all writs of scire facias may issue as attachments, and run
against the property and body of the bail or debtor, like other
writs of attachment.

The point which we contend for is supported by all the
arguments from convenience, applicable to other writs.

*C. Adams,* for defendant.

Scire facias is a judicial writ.   2 Tidd's pr. 1007.   6 Bac.
Ab. 122.   It is not a new action, but is a continuation of the
old one.   *Wright* v. *Nutt,* 1 T. R. 388.   *Philip* v. *Brown,*
6 do. 282.

Hence it must follow, that it must issue from the court ha-
ving the custody of the record on which it is founded.   *Com-
monwealth* v. *Downey,* 9 Mass. R. 520.   *Hoit* v. *Bradley, et
al.* D. Chip. R. 262. *Carlton* v. *Young,* 1 Aik. R. 332.

Scire facias against bail belongs to this class, but it is con-
tended that a justice of the peace can sign this judicial writ,
and this we deny.   The question, then, is, who has author-
ity to sign judicial writs?   The answer would seem to be ob-
vious, that they only, who have the custody of the record or
judgments, on which they issue, can sign.   From the fact that
they are judicial writs, the inference seems to be plain, that

they must necessarily be signed by the judges, or their clerk, having the custody of the record.

The distinction between original and judicial writs has been of long standing. The legislature have throughout kept it in view. In sec. 13, they authorize the county and supreme courts to *issue* writs of scire facias, habeas corpus, and all other writs necessary for the exercise of their jurisdiction, agreeably to the principles and usages of law. It may be noticed, that nothing is here said of the manner of signing, and neither was it necessary. The legislature well understood that they were judicial writs, to be sent out as the act of the court, and then to be signed by the court or its clerk. It may also be remarked, that the authority to *issue* includes the power to sign, in the same manner as the act authorizing justices to *grant* writs (stat.126) includes a like power of signing. There was, then, no necessity nor propriety in giving directions as to the manner of signing judicial writs. The legislature authorized the courts to *issue* them, and left the manner to be regulated according to the *principles and usages of law.*

There was an evident necessity that directions should be given as to the manner of issuing original writs, and here the legislature took the matter in hand. The first object was to consider the convenience of suitors, and as the signing is a mere ministerial act, they have given authority to a more numerous class. In sec. 24 it is enacted, that the *ordinary* mode of process, in civil causes, shall be by summons or by attachment; those writs originally returnable to the supreme court to be signed by a judge or clerk, but those returnable to the county court by a judge, clerk, or justice of the peace. The question then returns, what is to be the fair construction of the word *ordinary.* Does it mean *original,* or does it mean *original* or *judicial?* In order to give any colorable authority to a justice of the peace to sign a judicial writ, the section must read in this manner. "The ordinary process, whether *original* or *judicial,* shall be by summons or attachment."— It is evident that the legislature did not entertain this view, for in a subsequent part of the same section, where they speak of the authority of writs, the phraseology is changed, and all writs, whether *original* or *judicial,* shall run into any county and be there executed. The word, *ordinary,* in this

section, is synonymous with *original*, and by changing the word for original, the meaning is beyond doubt. This view of the subject is strengthened by the fact that the legislature, in subsequent acts, have provided that writs of scire facias may issue as attachments; pp. 67, 102, and 114. This would be unnecessary if the word, *ordinary*, included judicial, and at least furnishes a legislative construction in our favor.

But this matter was long ago very carefully examined by this court. In 1802 the identical question was raised, and, after argument by the best lawyers of the day, and great consideration, it was adjudged by the court, that a writ of scire facias, signed by a justice of the peace, was void. *Sherwood* v. *Pearl*, 1 Tyler's R. 319.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The question in this case is, whether a justice of the peace is authorized to sign a writ of scire facias against bail on mesne process, returnable to the county court. Under a statute very similar to the one now in force, the decision in the case of *Sherwood* v. *Pearl*, reported in 1 Tyler's R.319, was made. The reasons given for that decision are applicable to writs of scire facias now issued, as well as to those which issued under the statute then in force, viz, that it is a judicial writ, founded upon the records of the court, and should be granted only by those who have official access to, or are keepers of the record. That decision has not been disturbed, and will be found to be fortified by reason and authority.

It is contended for the plaintiff, that the 24th section of the judiciary act authorizes a justice to sign as well writs of scire facias as any other. The terms made use of may be broad enough to comprehend original, judicial, and final writs, and yet, from the subject matter, it is evident that the distinction between original and judicial writs was recognized, and that the section only intended to provide for signing original writs.

By original writs we usually mean the first process, or initiatory step in prosecuting a suit. It issues on the application of the party. In England this writ is the precipe. After this is issued and returned, an attachment issues to take the body; then a distringas, and then a capias. The first, or original, issues from chancery and is witnessed in the name of

the sovereign.   When the process is from the court, and is <span>CHITTENDEN,</span>
grounded on proceedings before them, it is termed judicial, <span>January,<br>1839.</span>
and emanates from the court where the proceedings are of rec-
ord.   This writ issues under the seal of the court, and is <span>Walsh et al.<br>v.<br>Haswell.</span>
tested in the name of the chief justice.

In this state the original process is either a summons or
attachment, and contains a declaration—is founded upon no
previous proceeding, but is made out by the party, and is to
be signed by a judge, the clerk, or a justice of the peace.   It
is enacted, that it shall mention the time and place where the
court is holden, and shall contain a declaration.   The direc-
tion, as to containing the time and place of return, may
be applicable to judicial as well as to original writs, but the
provision, as to a declaration, does not apply to writs of scire
facias.   The declaration is the words and acts of the plain-
tiff, and contains his complaint.   A scire facias usually con-
tains nothing more than the recital of the court of what ap-
dears on record before them, and the supplication of the party
for a remedy.   The object of it is to carry into effect a judg-
ment already rendered, either by a new execution against the
pebtor or against his bail, who appears by the records to be
liable.   The command is to make known to the person against
whom the writ is prayed, and this only by a writ of summons,
originally.   The statute now provides that it may be by at-
tachment.   This writ was not provided for in the 24th
section.   Another section of the same statute, viz, the 13th,
directed the courts to issue writs of scire facias.

It is true, the writ of scire facias is extended to cases
where it is necessary to insert something more than what ap-
pears from the records, and which may be considered as the
allegation of the party—as the writ of scire facias to obtain a
new execution where there has been a levy on property not
belonging to the debtor, and also on judgments rendered for
the penalty on probate bonds, where a new prosecutor comes
in—and also in some other cases.   These are provided for
by the statutes, and, unless there is a provision to the contrary,
must issue from the same court where the record is.

All our decisions recognize the writ as a judicial writ, em-
anating from the court.   Hence it must issue from the court
where the record remains, and the jurisdiction is determined
by the record, without regard to the residence of the parties,

or the sum in dispute. Hence it may be returnable to the supreme court, notwithstanding the ordinary suits in civil cases must be commenced before the county court; or may be returnable to a justice of the peace, although the sum to be recovered exceeds one hundred dollars.

When the writ is returned, it partakes of the nature of an original action, so far that a plea may be put in, on which an issue may be taken to be tried by the jury, as payment, &c. and we have considered that the statute giving a review applies to a judgment rendered on a writ of scire facias. We have also decided, that an appeal lay where the judgment was rendered by a justice of the peace, because it was found that such had been the practice in some parts of the state, and also found that case had been before us in *Fuller* v. *Howard*, 6 Vermont Reports, 561, respecting which a question has been made, whether an appeal were properly granted, although no notice was taken in the argument of that case, nor by the bench, in their opinion of the question, whether an appeal ever lay from a judgment rendered by a magistrate to the county court, on a writ of scire facias.

I apprehend, however, that that decision made no alteration as to the nature of the writ, the court from which it should issue, or the authority by whom it should be issued.

The writ itself being a judicial writ, founded upon the records of the court, containing no declaration or complaint of the party, but reciting only what appears before the court, we think it should be signed by the clerk, or some one having official access to the record, as was said in the case in Tyler. The writ in this case, being signed only by a justice of the peace, was not properly signed, and the judgment of the county court, which was to that effect, must be affirmed.

COLLAMER, J., thought that the case of *Gilson & Wright* v. *Gay*, 10 Vt. R. 326, in which it was held that an appeal lay from a judgment of a justice of the peace, on a writ of scire facias against bail on mesne process, would give to justices of the peace authority to sign such writs, returnable to the county court, inasmuch as the decision in that case virtually recognized scire facias as an originial process, or as substantially such.