Mr. Justice McKINLEY
 

 delivered the opinion of the court.
 

 This case is brought before this court upon a certificate of division of opinion of the Circuit. Court for the middle district of Tennessee.
 

 The plaintiffs had judgment against the defendant for.$1169 88 debt, and $110 94 damages. “And it appearing to thé satisfaction of the court, by the admisáon of the plaintiffs, that no assets .of the intestate had come to thé hands of the defendant,” it was adjudged, that the plaintiffs have ‘ execution to be.levied of the goods and chattels, and assets, which might thereafter come to the hands of the defendant to be administered.” Upon this judgment
 
 afi.fa.
 
 issued to be levied of the assets of the testator, which might thereafter come to the hands of the defendant to be administered:- which
 
 fi. fa.
 
 was returned by the marshal
 
 nulla bona.
 
 On the 10th day of January-, 1839, a
 
 scire facias
 
 issued against the defendant, upon suggestion that assets of the intestate, sufficient to satisfy the judgment, had come to the hands of the defendant. Upon this
 
 scire facias
 
 there was judgment against the 'defendant by default, to be levied of the goods and chattels of the intestate, in his hands to bé administered. A
 
 f. fa.
 
 issued upon this judgment, which was also returned
 
 nulla bona.
 

 And thereupon another
 
 scire facias
 
 issued against the defendant to have judgment against him
 
 de bonis propriis,
 
 to which he pleaded, first,
 
 plene administravit;
 
 secondly, that no assets ever came to his hands; and thirdly, that the estate of the intestate was insolvent at the time the letters of administration were granted; and that in'pursuance of the act of the General ’ Assembly in such case made and provided, he had suggested, to the clerk of the county court, the insolvency of said estate, &c. To these pleas the plaintiffs demurred, and in argument the counsel for the defendant inásted “ that the judgment by default upon the first
 
 scire facias
 
 did not establish’ the fact, that any goodsj &c., had come, to the hands of -the defendant, since the judgment'of assets
 
 quando acdderint;
 
 because the said first
 
 scire facias
 
 did not aver, that goods, &c.-, had come to the defendant’s hands since the said judgment 'quando; but only, that said
 
 *61
 
 .goods, &c., had cometo his hands, '-without sayjng when; and a, judgment by default only admits such facts as are alleged. ' That un-' less the record showed that assets had .come to his hands since the judgment
 
 guando,
 
 and that such assets had been wasted, no execution could issue against the-defendant to be levied
 
 de bmis
 
 propriis.” And the counsel for the plaintiffs iñsisted “ that the alleged' defect, 'in the first
 
 scire facias,
 
 should have been taken advantage of at the first term to which it was, returnable, by plea or demurrer;, that the judgment by default was a-waiver of errors in the process; and so the error, if it be one, eould not be' reached by the demurrer.”
 

 “ And upon said point, whether advantage could be taken of the aforesaid defective averment , in the first
 
 scire facias,
 
 upon the plaintiffs’ demurrer to the defendant’s pleas to the second
 
 sdre facias,
 
 the opinions of the judges were opposed.” .
 

 A
 
 sdre fadas
 
 is an action to which the defendant may plead any legal matter of defence. And in this case the .defendant might have ’ pleaded the same matter in bar to the first
 
 sdre fadas,
 
 which' he offered to plead to’the'second. ,Ot if he considered the first
 
 ¿¿fare fa* das
 
 insufficient in. law, he might have demurred to it. Having done*. neither, judgment by default was properly taken against him-. And it is well settled, that a judgment by default -against an executor, or administrator, is an admission of assets to the extent charged in the proceeding against him, whether it be by action on the original judgment or by
 
 sdre fadas.
 
 Ewing’s Executors
 
 v.
 
 Peters, 3 Term R. 685; The People
 
 v.
 
 The Judges of Erie, 4 Cowen, 446. Failing to make the money out of the assets of the intéstate, on the first •
 
 scire facias.,
 
 the .plaintiffs prosecuted the second to have judgment agaipst the defendant, to be levied of his own. proper goods, &c. To this he-pleaded the three pleas before mentioned.
 

 It is a universal rule of law, that if .the party fail to plead matter in ' bar to the original"action, and judgment pass against him, that he cannot afterwards plead it in another action founded on that judgment; nor'in a
 
 scire
 
 facias., (see the authorities above cited.) The demurrer of the plaintiffs to the defendant’s pleas was, therefore, well taken. And although either party may¿ orí a demurrer, take advantage of any defect or fault in' pleading, in the previous proceedings in the suit, the demurrer can reach no further back than the proceedings .remain
 
 in fieri,
 
 and under the control of the court. . The judgment on the first
 
 sdre fadas,
 
 although ancillary to. the original judgment, • and the foundation of the proceeding on the second
 
 sdrefadas,
 
 was, nevertheless, a final judgment, and, in that count, conclusive upon the parties.; and opposed an insuperable bar to añy plea of either party, whether of law or of fact, designed to go beyond it.
 

 . It is the opinion of thig court, therefore, that advantage could not be taken of any defective averment in'the first
 
 sdrefadas,
 
 upon the demurrer of the-plaintiffs to the pleas of the defendant; which is ordered to be^-certified to said Circuit.Court.