## WONDERLY v. LAFAYETTE COUNTY.

(Circuit Court, W. D. Missouri, W. D. December 7, 1896.)

1. FEDERAL JURISDICTION—REVIVOR OF JUDGMENT—SCIRE FACIAS.

Scire facias to revive a judgment in a federal court being an ancillary proceeding, the court has jurisdiction, even though the parties are citizens of the same state.

2. SAME—PENDING OF SUIT IN STATE COURT.

The fact that one is suing in a state court upon a judgment of a federal court will not prevent him from proceeding at the same time in the federal court to revive the judgment by scire facias.

3. REVIVOR OF JUDGMENT—SCIRE FACIAS—GENERAL DENIAL.

A general denial of each and every allegation of the writ not admitted in the answer is a form of defense not permitted in scire facias to revive a judgment.

This was a proceeding by Charles P. Wonderly to revive in his behalf, as assignee, by writ of scire facias, a judgment in favor of Francis D. Owings against Lafayette county, Mo. The case was heard on demurrer to certain paragraphs of the answer.

Frederick A. Wind, for plaintiff.

Elijah Robinson, for defendant.

PHILIPS, District Judge. The plaintiff demurs to certain paragraphs of the answer of the defendant to the petition, which is a proceeding of scire facias to revive a judgment heretofore rendered in this court in favor of Francis D. Owings against the defendant county. The plaintiff, Wonderly, claims as assignee under said judgment.

The first paragraph of the answer puts in issue the jurisdiction of this court over the parties, for the reason that both are residents and citizens of the state of Missouri. As the proceeding to revive the judgment by scire facias must be instituted and conducted in the court rendering the judgment, it is an ancillary proceeding, and for that reason the plea is not well taken, and the demurrer thereto is sustained.

The second paragraph of the answer pleads that this court had neither jurisdiction over the subject-matter nor of the person of the defendant when it rendered said judgment. The demurrer to this paragraph is sustained for the reason that the question of jurisdiction was adjudicated in the rendition of said judgment, and no fact is stated or shown by the answer authorizing this court, in this proceeding, to readjudicate that question.

The fourth paragraph of the answer alleges, as the reason why the judgment should not be revived, that the said judgment constitutes no lien upon any of the property of defendant, and is not entitled to, nor indeed can have, any such lien. This question was fully considered by the court in the opinion filed herein heretofore, on the demurrer of the defendant to the scire facias. For the reasons therein assigned, the demurrer to this paragraph of the answer is sustained.

The fifth paragraph of the answer pleads the pendency of another suit between these parties respecting said judgment in the circuit court of Lafayette county, Mo. It appears from the answer that the suit pending in said Lafayette county is an action founded on the judgment brought within 10 years after its rendition, and its purpose is to obtain a new judgment upon the judgment rendered in this court. While the ultimate effect of the two proceedings may be the same to the plaintiff, yet they are not of the same character, and there is no reason in law why the plaintiff may not resort to both remedies accorded

to him by law. If this were otherwise, the matter pleaded constitutes no defense to this action, for the reason that the pendency of another suit between the same parties respecting the same subject-matter in a state court is no bar to this proceeding in the United States circuit court. Holton v. Guinn, 76 Fed. 101, and authorities cited. The demurrer to this paragraph is therefore sustained.

The sixth paragraph of the answer alleges that the judgment in question "was rendered more than ten years ago, and that, by virtue of an act of the general assembly of the state of Missouri of 1895, the said judgment, at the expiration of ten years from the date of its rendition, became absolutely null and void, and of no further force or effect." This plea would be insufficient if for no other reason than that it does not sufficiently appear that said period of 10 years had run at the institution of the proceeding for revivor by scire facias; and as it is a matter of fact, appearing from the face of the proceedings not controverted by the answer, that the writ of scire facias was sued out within the 10 years, the demurrer to this plea is sustained.

The plaintiff also presents a motion to strike out the third paragraph of the answer. This paragraph pleads the want of sufficient knowledge or information as to whether or not the said Francis D. Owings, the alleged assignor of the said judgment, ever did assign the same to plaintiff. This presents an issue of fact which is not concluded by any matter apparent on the fact of the pleadings herein, and, as it is a material fact to plaintiff's right of recovery, the motion to strike out the same is overruled.

The plaintiff also moves to strike out the seventh paragraph of the answer. This part of the answer simply interposes a general denial to each and every allegation in the writ of scire facias not admitted in the answer to be true. While this general allegation of the answer is perhaps not very material to the case, it is a character of defense not permissible in this form of procedure. The command of the writ of scire facias is that the defendant appear and show cause, if any, why the judgment should not be revived. It proceeds upon the legal assumption that all matters in controversy between the parties respecting the right of the plaintiff to have judgment were fully adjudicated by the court, and things and matters ordinarily to be shown by the defendant as to why the judgment should not be revived are such as have supervened or originated since its rendition. In other words, the defendant is called upon and required by the writ to show some affirmative fact why the plaintiff should not take judgment on his writ. For this reason, the motion to strike this paragraph out is sustained.