WRIGHTMAN v. BOONE COUNTY.

(Circuit Court, W. D. Arkansas. October 3, 1897.)

LIMITATION OF ACTIONS—REVIVOR OF JUDGMENTS.

> Where the legislature passes a statute of limitation barring the revivor of judgments by scire facias after the lapse of ten years from their rendition, and provides further that the act shall take effect and be in force from and after one year from the date of its passage, *held*, that the act applies to existing as well as future judgments, and that past judgments, which have been rendered more than ten years, are barred unless the scire facias is issued within one year from the date of the passage of the act.

This was a proceeding by scire facias to revive a judgment.

O. S. Watkins and W. F. Pace, for plaintiff.
Hill & Brizzolara, for defendant.

ROGERS, District Judge. On the 13th day of May, 1880, George M. Wrightman recovered judgment in the district court of the United States for the Western district of Arkansas, then having circuit court powers, on warrants commonly called "County Scrip," of Benton county, Ark., for the sum of $6,280, for his debt and damage, with interest thereon at the rate of 6 per cent. per annum from the date of said judgment until paid, together with all his costs in and about said cause laid out and expended. On the 6th of August, 1881, $1,000 was paid on the judgment, and on the 7th day of July, 1882, the second payment of the sum of $843.46 was made, and on the 14th of April, 1883, a third payment of $1,176 was made, and on the 18th of March, 1885, a fourth payment of $705.47 was made. After this the judgment was assigned to W. A. Grever and Cos Altenberg, whom the

court finds still own the remainder of the judgment. On the 6th of April, 1897, the said Grever and Altenberg caused a scire facias to be issued out of the circuit court of the United States for the Western district of Arkansas, to which court the original case had, by proper orders, been transferred, under the act of congress approved the 25th day of January, 1889, and found in the twenty-fifth volume of the Statutes at Large. p. 655, to revive said judgment. At the time this judgment was recovered, and until the 8th day of April, 1891, there was no statute of limitations to the revival of a judgment in this state. The courts, however, had held that they would not revive a judgment after the lapse of 20 years, and so the law stood on April 8, 1891, when the following act of the legislature of Arkansas was passed:

"Section 1. That no scire facias to revive a judgment shall be issued but within ten years from the date of the rendition of the judgment. or if the judgment shall have been aforetime revived, then within ten years from the order of revivor.

"Sec. 2. This act shall take effect and be in force from and after one year from the date of its passage."

More than 17 years had elapsed from the rendition of this judgment to the suing out of the scire facias, and 12 years had elapsed from the last payment on the judgment to the suing out of the scire facias.

Two questions arise: First. Whether or not the act approved April 8, 1891, applied to existing judgments, or whether it operated prospectively, and only was intended to apply to judgments thereafter rendered. A careful examination of the authorities leads the court to conclude that it was the purpose of the legislature that this act should apply to judgments then in existence, as well as those which should subsequently be rendered.

The second question is much more difficult. By the terms of the second section of the act, supra, it is provided that the act shall take effect and be in force from and after one year from the date of its passage. It is insisted that, if the act approved April 8, 1891, applied to existing judgments, it did not go into effect until one year from the date of its approval, and hence that it took away all remedy from the plaintiff by which he could enforce his judgment; and this position is not without authority. In Price v. Hopkin, 13 Mich. 318, Judge Cooley, delivering the opinion of the court, distinctly holds that, while the general power of the legislature to pass statutes of limitations is not doubted, these statutes must always allow a reasonable time after the statute goes into force within which suits shall be brought, and that a statute which denies a reasonable time within which to bring a suit is, in effect, a statute legislating the property of one person to be the property of another; and that such a statute is a palpable violation of the constitutional provision that no person shall be deprived of property without due process of law. He then proceeds to argue with much vigor that a statute can have no force or effect for any purpose before, by the terms of the act itself, it goes into effect,—citing Charless v. Lamberson, 1 Clark (Iowa) 442; Cargill v. Power, 1 Mich. 369; Rice v. Ruddiman, 10 Mich. 125. He refers to the case of Smith v. Morrison, 22 Pick. 430, and declines to follow it. In concluding the argument he says:

"If the period between the passage and the taking effect of the statute can be regarded as time allowed by the statute for bringing suit, then, in any case where by a prospective statute a time is limited for that purpose, the time should begin to run at the time when the statute is passed, and not when it takes effect. But the court hold that the intervening time is not to be counted as a part of the time limit,"—citing Piatt v. Vattier, 1 McLean, 157, Fed. Cas. No. 11,117.

On the contrary, other courts have held that the object and purpose of the legislature in fixing a time when the act shall go into effect could not be for any other purpose than to operate as notice to persons having judgments to institute their suits before the act went into effect, and, if they failed to do so, that they would be barred. In support of that contention the following cases, which seem to me to be strongly in point, are cited: Duncan v. Menard (Minn.) 21 N. W. 714; Eaton v. Supervisors, 40 Wis. 673; Stine v. Bennett, 13 Minn. 153 (Gil. 138); Burwell v. Tullis, 12 Minn. 572 (Gil. 486); Smith v. Morrison, 22 Pick. 430; Hedger v. Rennaker, 3 Metc. (Ky.) 255.

After the most careful consideration, I am unable to assign any reason why the legislature provided that the act of April 8, 1891, should not take effect and be in force until one year from the date of its passage, except upon the theory that persons who then had judgments should sue out scire facias to revive them on or before one year from the date of its passage. If it does not mean that, then the second section of that act seems to me to be absolutely nugatory,—to mean nothing; and it is a well-known canon of construction that every provision of a statute shall be construed so as to permit the whole to stand. It seems to me that this second section clearly indicates what the legislature intended, namely, that this act should apply, not only to future judgments, but to past judgments; and that all judgments would be barred in ten years from the date of their rendition unless scire facias to revive them was issued on or before one year from the date of its passage. I conclude, therefore, notwithstanding the very able opinion of Judge Cooley in 13 Mich., that the weight of authority is against him, and that the judgment in question is barred.