## DAVIS v. DAVIS.

### (Circuit Court, N. D. West Virginia. September 15, 1908.)

1. JUDGMENT—ACTION ON JUDGMENT OF ANOTHER STATE—DEFENSES—WANT OF JURISDICTION.

Neither the constitutional provision that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, nor the act of Congress passed in pursuance thereof, prevents an inquiry into the jurisdiction of the court by which a judgment offered in evidence was rendered, and the record of such judgment may be contradicted as to the facts necessary to give the court jurisdiction, either as to the subject-matter or the person.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1476.]

2. SAME.

Under the law of Pennsylvania, which authorizes the entry of a personal judgment without notice on a judgment note, a judgment so entered on a Pennsylvania contract must be accepted by a court in another state as one rendered by a court having jurisdiction.

3. SAME—REVIVAL OF JUDGMENT—JURISDICTION—PENNSYLVANIA STATUTE.

Under Act Pa. April 3, 1903 (P. L. 139), which provides that "two returns of nihil habet shall be equivalent to personal service in writs of scire facias to revive judgments entered in personal actions," and the rule of practice in that state that such writs are a continuation of the original suit, a judgment entered on two such returns in an action in

which the court had original jurisdiction, in ordinary circumstances, is entitled to full faith and credit in another state; but under Act March 26, 1827 (P. L. 129), and Act June 1, 1887 (P. L. 289), which, as construed by the courts of the state, limit the life of a judgment to five years, during which time only it can be revived by scire facias, a judgment of revival, entered on two such writs issued nine years after the original judgment and returned nihil habet, is void for want of jurisdiction, and will not support an action in another state.

At Law. On demurrer to declaration.

T. M. Garvin and S. L. Reed, for plaintiff.
Charles Powell, for defendant.

DAYTON, District Judge. On July 19, 1897, the defendant executed at Pittsburg, Pa., her note to the defendant for $2,000, and attached to and incorporated in it a power to any attorney of any court of record of Pennsylvania to appear for and to enter judgment against her for that amount, with costs and 5 per cent. collection fees. On December 4, 1897, in the court of common pleas for Allegheny county, Pa., a judgment was confessed by an attorney, acting pro hac vice, against her for the debt, interest, costs, and collection fee, and execution issued, personal property was sold thereunder, and a small portion of the judgment realized thereby. On October 17, 1906, a scire facias to revive this judgment was sued out, and was by the sheriff of Allegheny county, Pa., returned nihil habet. On November 13, 1906, an alias writ of scire facias issued and was likewise returned nihil habet. Thereupon the plaintiff filed his præcipe and affidavit, and judgment was on December 26, 1906, rendered against her for $2,664.85. On February 28, 1907, the plaintiff instituted in this court his action of debt upon this last judgment, and the defendant has appeared and craved oyer of the record of the judgment from the court of common pleas No. 1 for Allegheny county, Pa.; and, the same having been read to her, she demurred to plaintiff's declaration, the plaintiff has joined therein, argument has been made thereon, and it is this demurrer I have now to determine.

It is insisted in support of the demurrer that the judgment sued upon, being a personal one against the defendant, entered upon writs of scire facias without service, actual or constructive, is void, and this action cannot be maintained upon it, first, because the court of common pleas of Allegheny county, Pa., had no jurisdiction of the person of the defendant such as to empower such court to render personal judgment against her; second, because said judgment is not valid and enforceable in the state of Pennsylvania; third, because, if even enforceable in the state of Pennsylvania, it is not such a judgment as entitles plaintiff to recover, upon the record of it, in this court; fourth, because such judgment is in violation of the fourteenth amendment of the federal Constitution, as not being in conformity with due process of law.

On the other hand, it is insisted by plaintiff, first, that the court of common pleas of Allegheny county, Pa., had full jurisdiction of the person of the defendant by reason of the power incorporated in her note of indebtedness, and that judgment having been rendered original-

ly upon this note whereby jurisdiction was thus conferred, under the rule of the common law, still in force in Pennsylvania, the plaintiff upon two scire facias returned nihil habet was entitled to take this second judgment, based upon the debt embraced in the first; second, that under section 1 of article 4 of the federal Constitution, providing that "full faith and credit shall be given in every state to the public acts, records and judicial proceedings of every other state," this court, now having jurisdiction of the defendant's person, must recognize this judgment as a verity, regardless of any law of this state that might render it otherwise.

In reply to these propositions, and in support of the original grounds of demurrer, plaintiff's counsel insists that under the laws of Pennsylvania the original judgment could remain a lien no longer than five years after the date of its entry without revival by scire facias, that the record discloses that more than five years had elapsed from the date of entry of the original judgment until the issue of the first writ of scire facias to revive, and therefore such original judgment was dead, could not be enforced in Pennsylvania, and cannot be sued on in this state under section 13, c. 104 (section 3506), Code W. Va. 1906, which provides:

"Every action or suit upon a judgment or decree, rendered in any other state or country, shall be barred, if by the laws of such state or country such action or suit would there be barred, and the judgment or decree be incapable of being otherwise enforced there."

The first question that naturally arises is whether this court has, under the constitutional provision referred to, the right to inquire into the question of jurisdiction exercised by the court of another state in rendering a judgment, or whether the assumption of jurisdiction by that court must be held conclusive of such inquiry. For a long time this was a mooted question; but in 1874, in the case of Thompson v. Whitman, 18 Wall. 457, 21 L. Ed. 897, Mr. Justice Bradley, collecting previous authorities, held:

(1) "Neither the constitutional provision that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, nor the act of Congress passed in pursuance thereof, prevents an inquiry into the jurisdiction of the court by which a judgment offered in evidence was rendered."

(2) "The record of a judgment rendered in another state may be contradicted as to the facts necessary to give the court jurisdiction; and, if it be shown that such facts did not exist, the record will be a nullity, notwithstanding it may recite that they did exist."

(3) "Want of jurisdiction may be shown, either as to the subject-matter or the person, or, in proceedings in rem, as to the thing."

And this doctrine has been since then uniformly upheld in such cases as Knowles v. Gaslight & Coke Co., 19 Wall. 58, 22 L. Ed. 70; Hill v. Mendenhall, 21 Wall. 453, 22 L. Ed. 616; Hall v. Lanning, 91 U. S. 160, 23 L. Ed. 271; Pennoyer v. Neff, 95 U. S. 714–730, 24 L. Ed. 565–571; Kilbourn v. Thompson, 103 U. S. 168–198, 26 L. Ed. 377; Simmons v. Saul, 138 U. S. 439, 11 Sup. Ct. 369, 34 L. Ed. 1054; Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867.

Having, then, to inquire into the question of jurisdiction of the Pennsylvania court in the premises, it is to be noted: First. That there is nothing in this record to show that the court of common pleas did not have jurisdiction over the person of the defendant at the time the original judgment was rendered; in other words, there is nothing to show that she was at that time a nonresident of that state, or that the contract was executed outside of that state, but, on the contrary, the note, on its face, shows it was executed at Pittsburg, in that state. Second. That while not permitted in this state, it is well-settled law and practice in Pennsylvania for her courts of competent jurisdiction to render personal judgments on contracts of this character by the confession of attorney and without service of notice. I must therefore conclude that this court of common pleas was one of competent jurisdiction, that its jurisdiction under the law as administered in Pennsylvania was properly exercised, and its original judgment was valid and must be recognized as such.

There can be little question that under the common law, in cases arising upon mortgages, the proceeding by scire facias was regarded as a continuation of the original proceeding, and the return of two such writs nihil habet was held to be equivalent to a garnishment and service of the writ, authorizing judgment of revival. Some question has arisen whether this practice in England was designed to apply to other than judgments sur mortgage; but in Pennsylvania, where this common-law practice is still followed, both by decision and statute, the rule has been extended to judgments generally. By Act July 9, 1901 (P. L. 616), of the Pennsylvania Legislature, provision is made for service of process in certain law actions, and then is added:

"Provided that two returns of nihil habet shall be equivalent to personal service, in writs of scire facias to revive judgments entered in personal actions."

This act was amended by the act of the 3d of April, 1903 (P. L. 139), with the same proviso. The original judgment, then, under the laws of Pennsylvania, having been rendered by a court of competent jurisdiction having jurisdiction, and the writ of scire facias, under the law and practice of that state, being held to be only a continuation of the original proceeding in which such judgment was rendered, service of which writ is provided to be satisfied by two returns of nihil habet, under ordinary circumstances, this judgment, upon such writ, would have to be by me held conclusive and entitled to "full faith and credit."

But there is a further complication in this case that renders it exceptional. By the laws of Pennsylvania, if they have been correctly cited to me, the life of a judgment in that state is five years from the date of its rendition; and its life cannot be extended beyond that period by issuance of fieri facias, but only by revival by scire facias within that period. In this particular the law of that state is very greatly at variance with ours, under which "no judgment shall be rendered on a scire facias, or in any other case, on returns of nihil" (Code 1906, § 3812 [chapter 124, § 10]); and suit may be maintained within ten years after the return day of the last execution issued thereon (Code, § 4150

[chapter 139, § 10]). It follows necessarily that I must be governed by the law of the foreign state in this matter:

"The act of March 26, 1827 (P. L. 129), supplied by the act of June 1, 1887 (P. L. 289; P. & L. Dig. col. 2474), provided that no judgment should remain a lien longer than five years without a revival by sci. fa., notwithstanding the issuance of a fi. fa. and levy on real estate, and since these acts the lien cannot be continued merely by the issuance of execution." P. & L. Dig. Pa. vol. 10, col. 16,289.

"Since the act of March 26, 1827 (P. L. 129), supplied by the act of June 1, 1887 (P. L. 289; P. & L. Dig. col. 2474), the judgment must be revived by sci. fa. within five years, notwithstanding a stay of execution." Id., vol. 10, col. 16,292.

The original judgment herein, as shown by the record, was not revived within five years after the date of its entry, and this second judgment was rendered solely upon a scire facias which issued some nine years after, or more than four years after the original judgment was dead and its lien by law extinguished. Nothing appears in the record showing legal excuse or legal disability for this delay. Granting that, if the scire facias had issued within the five years, two returns of nihil habet would have warranted the revival, can this be true where more than five years have elapsed? I cannot think so. It may be contended that the extinguishment of the debt evidenced by the original judgment, and sought by this revival to be carried into the new judgment, by the statutory bar, had to be pleaded by the defendant in order to become effectual, and, not having so pleaded, she is estopped now by the record in this regard. But in reply to this it may well be said that the law did not authorize the suing out of a writ of scire facias to revive a dead judgment; that the plaintiff's remedy in such case could only be by a new and independent action, wherein the defendant should have opportunity, by reason of process duly served upon her, to appear and plead this effective defense arising since the entry of the original judgment. If, upon a judgment dead in law, revivals could be had upon nihil habet returned four years after against them, nonresidents having no notice, they could as well be had in the same way at any time before the ending of time and the coming of eternity, and this particular limitation by statute would be rendered an absurdity.

It follows that I must hold that, under the circumstances of this case, the court of common pleas No. 1 of Allegheny county, Pa., had no jurisdiction to render the second judgment upon the two writs of scire facias, returned nihil habet, here sued upon, and that defendant's demurrer must be sustained.