UNIVERSAL TRANSP. CO., Inc., v. NATIONAL SURETY CO.

(District Court, S. D. New York. June, 1918.)

1. COURTS ⬅➡334—FEDERAL COURT—SCIRE FACIAS.
    Under Judicial Code, § 262 (Comp. St. 1916, § 1239), empowering District Courts to issue writs of scire facias, they may do so in a state which has abolished the writ.

2. APPEAL AND ERROR ⬅➡1239—SCIRE FACIAS—NATURE OF WRIT.
    The writ of scire facias, to enforce liability of the surety on an appeal bond, is original only in the sense that, being obtained, the subsequent procedure is as in an action at law, entitling the defendant to answer and to jury trial.

3. APPEAL AND ERROR ⬅➡1239—APPEAL BOND—SCIRE FACIAS.
    It is not ground of objection to issuance of scire facias against the surety on an appeal bond, to enforce its liability thereon, that it was not a party to the original action.

4. COURTS ⬅➡334—FEDERAL COURT—COMMON-LAW WRIT—PROCEDURE.
    In absence of rule of federal court, a common-law writ will proceed in accordance with the settled practice at common law.

At Law. Application by the Universal Transportation Company for writ of scire facias against the National Surety Company. Plea to jurisdiction overruled.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

J. Parker Kirlin, John M. Woolsey, and L. de Grove Potter, all of New York City, for the motion.

T. Langland Thompson and James S. Darcy, both of New York City, opposed.

MAYER, District Judge. This is an application for a writ of scire facias by plaintiff against the surety company.

Plaintiff heretofore recovered in this court a money judgment at law against a steamship company known as Rederiaktiebolaget Amie. The Amie and the surety company executed a bond or undertaking, and the Amie sued out a writ of error. The judgment was thereafter modified and affirmed, and the plaintiff, having failed to collect the judgment against defendant, has moved for a writ of scire facias to issue against the surety on the bond requiring it to show cause why it "ought not to have execution against it, the said National Surety Company, for the amount due to the plaintiff for its damages and costs under the judgment aforesaid." The surety company, by plea or answer, alleges, inter alia, as matter of law, that the court is without jurisdiction to proceed against it in this summary manner.

The question now under consideration is solely that of jurisdiction. The grounds on which the jurisdiction of the court is challenged are: (1) That the writ is obsolete in New York; (2) that such a proceeding is the commencement of a new action, which must fail because of lack of diversity of citizenship; and (3) that the present action is, in any event, merely the continuation of the original action at law; and hence (a) because the surety company was not a party to the original action it cannot be proceeded against, and (b) there is no rule of court which permits or recognizes the writ, and therefore the cause must proceed in accordance with the law and practice of New York.

[1] 1. While the writ has disappeared from the New York practice, it is specially preserved by the Judicial Code, which, in section 262, provides:

"The Supreme Court and the District Courts shall have power to issue writs of scire facias * * * and the District Court shall have power to issue all writs not specifically provided for by statute, and which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law." Act March 3, 1911, c. 231, 36 Stat. 1162 (Comp. St. 1916, § 1239).

The foregoing provision plainly means that the writ may be availed of in any jurisdiction, even though the state in which the federal forum is situated has abolished the writ. The reason doubtless is that Congress regarded it as necessary to revive judgments or to recover upon recognizance or bonds that the litigant should not be compelled to resort to the state courts, but could find and pursue his remedy in the court where the judgment was had. The writ is in the nature of an ancillary arm.

[2] 2. Writs of scire facias are of two kinds:

(1) The continuation of a previous action such as a scire facias to revive a judgment and to have execution on it. Collin Co. National Bank v. Hughes, 155 Fed. 389, 83 C. C. A. 661; Grantland v.

Memphis (C. C.) 12 Fed. 287; Wonderly v. Lafayette Co. (C. C.) 77 Fed. 665; King v. Davis (C. C.) 137 Fed. 198; Davis v. Davis, 174 Fed. 786, 98 C. C. A. 494; Owens v. Henry, 161 U. S. 642, 16 Sup. Ct. 693, 40 L. Ed. 837; Brown v. Wygant, 163 U. S. 618, 16 Sup. Ct. 1159, 41 L. Ed. 284; Browne v. Chavez, 189 U. S. 68, 21 Sup. Ct. 514, 45 L. Ed. 752.

(2) A scire facias which is in the nature of a new suit, such as a writ to review that which has happened, to recover upon recognizance or bail bond, etc. Insley v. United States, 150 U. S. 512, 14 Sup. Ct. 158, 37 L. Ed. 1163; Hollister v. United States, 145 Fed. 773, 76 C. C. A. 337; United States v. Ambrose (C. C.) 7 Fed. 554; Kirk v. United States (C. C.) 131 Fed. 331; Id., 137 Fed. 753, 70 C. C. A. 187; Id., 204 Fed. 688; United States v. Taylor (D. C.) 157 Fed. 718; 35 Cyc. 1145; Foster's Federal Practice, 1248; Hughes' Federal Procedure, 297.

In the case of Washburn v. Pullman Palace Car Co. (C. C.) 66 Fed. 790, 76 Fed. 1005, 21 C. C. A. 598, it was held that a writ of scire facias would lie to enforce the liability for costs on a judgment of the federal court against the indorser of a writ, who, under Massachusetts practice, occupies the position of surety on a cost bond. In Bozman v. Armistead, 4 N. C. 616, it was held that a scire facias would lie upon an injunction bond, it being made part of the record by statute. In Egan v. Chicago & Great Western Railway (C. C.) 163 Fed. 344, where a motion was made by the plaintiff for judgment against the surety upon a supersedeas bond under a state statute, Reed, District Judge, said at page 350:

"This proceeding is analogous to that of scire facias, a judicial writ at common law to revive judgments or to obtain satisfaction thereof, from sureties upon bail or other recognizances taken in the proceedings in which the judgment is rendered. 3 Black. Com., 416–422; Owens v. Henry, 161 U. S. 642–645, 16 Sup. Ct. 693, 40 L. Ed. 837; Pullman's Palace Car Co. v. Washburn (C. C.) 66 Fed. 790; McGee v. Barber, 14 Pick. (Mass.) 212."

It has also been held in the following cases that a scire facias is a proper process to obtain execution for costs against the indorser of an original writ. Reid v. Blaney, 2 Greenl. (2 Me.) 128; McGee v. Barber, 14 Pick. (31 Mass.) 212; Ruggles v. Ives, 6 Mass. 494; Miller v. Washburn, 11 Mass. 411; Merrill v. Walker, 24 Me. 237; Newson's Administrator v. Ran, 18 Ohio, 240.

A scire facias is a judicial writ used to enforce execution of some matter of record on which it is usually founded; but, though a judicial writ or writ of execution, it is so far original that the defendant may plead to it. As it disclosed the facts on which it is founded, and requires an answer from the defendant, it is in the nature of a declaration and the plea is properly to the writ. Winder v. Caldwell, 14 How. 434, 14 L. Ed. 487; Dickson v. Wilkinson, 3 How. 57, 11 L. Ed. 491; Hunt v. United States, 61 Fed. 795, 10 C. C. A. 74; 35 Cyc. 1149; Hughes' Federal Procedure, 298, 299.

A suit on a recognizance or bond is an original proceeding. Davis v. Packard, 7 Pet. 276, 8 L. Ed. 864; Winder v. Caldwell, supra; United States v. Payne, 147 U. S. 687, 13 Sup. Ct. 442, 37 L. Ed. 332.

From the foregoing it appears that the writ is original only in the sense that once obtained the resultant procedure is the same as any action at law entitling a defendant to answer and to a jury trial. The extent or limitations of the subject-matter which may be litigated at the trial need not now be considered.

[3, 4] 3. (a) The fact that the surety was not a party to the original action is immaterial. The very nature and purpose of the writ are inter alia to reach the surety who obviously is not a party to the original suit.

(b) Common law rule VI of this court provides:

"In all cases not provided for by the rules of this court causes at common law shall proceed as nearly as may be in accordance with the law for the time being of the state of New York and the practice thereunder of the Supreme Court of said state."

This rule was enacted in accordance with the Conformity Act, to point out procedure in such cases as were otherwise not provided for by special rules wherein procedure peculiar to the United States courts have been adopted or followed, as, for instance, rule 3, which provides for the service of process in the first instance by the marshal.

Clearly, in the absence of a rule, a common-law writ will proceed in accordance with the settled practice at common law. That procedure is interestingly described in a memorandum of the clerk in Kinney v. Plymouth Rock Squab Co. (District of Massachusetts, No. 107, Law), a copy of which will be filed with this memorandum for the information of those who may have occasion hereafter to resort to the writ.

The rare use of the writ in this jurisdiction has been due probably to the few instances where the surety has resisted payment of his undertaking and probably partly to the unfamiliarity of New York practitioners with its use and efficacy. It is but fair to the surety company to state that it refuses to pay because of notice of certain defenses urged by its indemnitors in protection of their rights, as they understand them.

The conclusion is that the court has jurisdiction to issue the writ and the matter may proceed in due and orderly course.

### NOTE.

The memorandum of James S. Allen, clerk, in Robert D. Kinney v. Plymouth Rock Squab Company, referred to above, is as follows:

Authorities Submitted on the Question of the Issuance of a Writ of Scire Facias.

The question is whether the clerk has authority to issue a writ of scire facias to revive a judgment, as of course and as of right, without special order of the court.

Judicial Code, § 262: "The Supreme Court and the District Courts shall have power to issue writs of scire facias * * * and the District Courts shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

Judicial Code, § 9: "Any District Judge may, upon reasonable notice to the parties, make, direct, and award, at chambers or in the clerk's office, and in vacation as well as in term, all such process, commissions, orders, rules,

and other proceedings, whenever the same are not grantable of course, according to the rules and practice of the court." Comp. St. 1916, § 976.

## I. Court Rule or Order.

We have not been able to find any rule or order of this court authorizing the clerk to issue the writ of scire facias as of right, or as of course. It should be observed, however, that we find no rule or order authorizing the clerk to issue ordinary writs of summons and attachment, yet it is the immemorial custom for the clerk to sell them in blank to any applicant, as of right, without the order of the court, although we still cling to the phrase that "the plaintiff sues out a writ."

The clerk is provided with a printed blank form for a writ of scire facias, which form was printed nearly a century ago. This is not conclusive evidence, however, that the clerk has power to sell the writ in blank to any applicant, for we are similarly provided with writs of execution in blank, and yet issue one only when the clerk is satisfied that the record warrants it, and after its blanks have been filled in by the clerk.

## II. Precedents in This Court.

We have appended (marked Appendix B) a statement of the previous instances of writs of scire facias of the Circuit and District Courts for this district. It appears that, when the writ was issued upon the decease of a party pending litigation, it has always issued only upon motion allowed by the court; on the other hand, in the very rare instances where the writ has issued to revive a judgment, the record does not indicate whether it was issued by order of the court or not.

## III. Form of Writ.

It should be noted that the form of writ which has been in use in this court for more than a century (see copy annexed marked Appendix C) sets forth that the plaintiff has recovered against the defendant a certain sum of money and costs, "whereof the said defendant is convict, as to us appears of record," and contains the words, "Whereas the said plaintiff has made application to us to provide remedy for him in that behalf." The inference is that the writ is to issue only upon application to the court, and only when the court sees that there is a judgment of record in the court.

## IV. Authorities Regarding Writ in General.

We have appended (marked Appendix A) a list of some of the leading cases upon scire facias in this country. It appears from these authorities that these writs are of two kinds: (1) A scire facias which is a continuation of a previous action, such as a scire facias to revive a judgment and to have execution upon it. (2) A scire facias which is a new suit, such as a writ to repeal letters patent, to recover upon a recognizance, etc. To each kind of writ, however, the defendant may plead, and the case proceeds much like a new action.

A scire facias to revive a judgment, being based upon a record of judgment, can be granted only if there is such a record, and it can issue only from the court having possession of the record upon which it is founded; jurisdiction does not depend upon the residence of the party, or upon the amount in controversy. The writ cannot be sued out after action upon the judgment has become barred by the statute of limitations; but, if sued out before that time, it starts the statute of limitations to run anew. It is well settled that the District Court may issue, and direct the manner of service of, a writ of scire facias upon its own judgment, so as to warrant it in entering a judgment of revivor thereon. The requirements for actual service upon a defendant are not as strict as in the case of a writ of summons, because it is merely the continuation of another action in which the defendant has already been duly served. Thus it is well settled that a judgment of revivor may be rendered in the court where the original judgment is recorded, upon the issuance of a writ of scire facias and its service in such manner as the court may direct, or upon two successive returns of nihil, whether the defendant then resides within or without that jurisdiction. Such judgment of revivor is

valid within the jurisdiction. The better opinion is that it is also valid in any other jurisdiction where the defendant then lives, unless the statute of limitations upon the original judgment had already run in the jurisdiction where defendant then lives, when the judgment of revivor was entered.

Upon a writ of scire facias the defendant cannot put in issue the validity of the original judgment, but he can deny the existence of such a record, or set up any defenses arising since the original judgment, such as payment, release, statute of. limitations, etc. The purpose of the writ is really to warn the defendant to plead any defense he may have in bar of a new execution upon the old judgment. The writ thus assumes the existence of the record judgment upon which it is based, and must recite such judgment. It need not, however, recite all the proceedings upon which the judgment was given. The writ thus serves as a declaration as well as a writ.

It is stated in Foster on Scire Facias that in England at common law the writ would issue of course upon a præcipe, without rule or motion, if the judgment was less than 7 years old; if over 7 and less than 10 years old, a treasury rule was necessary; if more than 10 and less than 15 years old, it was granted only upon motion during term, or by judge's order in vacation: if the judgment was more than 15 years old, it was issued only upon a rule to show cause. It is said, also, that as a general rule it would issue only upon an affidavit by the judgment creditor, or his attorney, that the judgment was still unsatisfied.

## V. Authorities Regarding Authority to Issue Writ.

There is authority for the view that a writ of scire facias to revive a judgment issues only upon order of the court:

Frierson v. Harris, 5 Cold. (45 Tenn.) 146, 94 Am. Dec. 220: "The clerk had no power, or authority, to issue the writ; its issuance is a judicial act based upon a suggestion entered of record, and it must be awarded by the court." See, also, Hillman Brothers v. Hickerson, 3 Head. (Tenn.) 575; Bank of West Tenn. v. Marr, 13 Lea, 108; Sherwood v. Pearl, 1 Tyler (Vt.) 319, 327.

Walsh v. Haswell, 11 Vt. 85: "Is a judicial writ, founded upon the records of the court, and should be granted only by those who have official access to, or are keepers of the record."

Contra: Goddard v. Delaney, 181 Mo. 564, 80 S. W. 886: "The rules of the court in England recognized the right to have the writ issue as of course without the order of the court, when applied for within certain periods, but required such an order after such periods." The court held that a writ in a proper case may issue as of course out of the clerk's office without the order of the court first being had. See, also, cases cited in Appendix A.

Lewis v. Commonwealth, 106 Va. 20, 54 S. E. 999, in the Supreme Court of Appeals, Virginia, 1906: A scire facias to revive a judgment may be sued out of the clerk's office without the intervention of the court; but a scire facias praying an award of execution upon a bail bond must issue in accordance with the mandate of the court, for a condition precedent to its issuance is that the recognizance shall be declared to have been forfeited.

## VI. Massachusetts Law.

Perkins v. Bangs, 206 Mass. 408, 413, 92 N. E. 623: The remedy of a scire facias when first provided by Stat. Mass. 1785, c. 6, was discretionally granted only on application to the court from which the execution issued; but since R. S. Mass. c. 73, § 21, the writ is purchased at the clerk's office and issues as of right. The necessary recitals and alterations which constitute the declaration are filled in, not by the clerk, but by counsel.

R. S. Mass. c. 73, § 21 (1836), provides, in substance, that if, after the execution is returned, or recorded, it appears to the creditor that the estate levied upon was not the property of the debtor or not liable to be seized, or that it cannot be held, "the creditor may sue out of the clerk's office of the court from which the execution issued a writ of scire facias to the debtor, requiring him to appear and show cause why an alias execution should not be issued on the same judgment."

The authority given by this statute to sue out the writ from the clerk's

office, as of right, seems to have been applicable to only a limited class of cases in which a scire facias might issue; nevertheless, because of it, the custom appears to have grown up in the Massachusetts state courts for the clerk to sell blank writs of scire facias as of right to any applicant. The question is whether under the federal Conformity Statutes (R. S. §§ 914, 915, 916 [Comp. St. 1916, §§ 1537, 1539, 1540]) and our district court rule 11, this custom should be followed in the federal court. In Collin County National Bank v. Hughes, 155 Fed. 389, 394, 83 C. C. A. 661, the Circuit Court of Appeals says that the power of the Circuit Court to issue and serve its writ of scire facias is derived from the Constitution and act of Congress, and cannot be restrained, limited, or made less efficacious by the statutes of the state, and that the Act of Conformity does not require the Circuit Court to follow the method of service of its writ prescribed by a state statute.

## VII. Conclusion.

It seems fairly deducible from these authorities that a writ of scire facias to revive a judgment should not issue, unless either the court or the clerk is satisfied that the records of the court contain what purports to be a judgment. Other reasons for this deduction are: (1) The fact that the sole foundation and jurisdiction of the writ is the existence of a record judgment in the same court. (2) The nature of the writ itself; it is a writ to enforce a judgment; it is in many ways analogous to a writ of execution, which issues only if the clerk is satisfied that there is a record judgment. It should be noted that one of its essential allegations is identical with that contained in a writ of execution, namely, the allegation that the plaintiff has recovered judgment against the defendant in a certain sum, and costs in a certain sum, "as to us appears of record"; also the allegation that "execution remains to be made." It differs radically from a writ of summons and attachment, which is not based upon any matter of record, and as to which it would be manifestly improper for the clerk or the court, before issuing the writ, to pass upon any of the facts alleged by the plaintiff, since such facts are the very matters subsequently to be put in issue at the trial. (3) There is a certain impropriety, to say the least, in the court, by the hand of the clerk, signing a writ which states that a certain thing appears to him of record, unless the court, or the clerk, has the right before signing to satisfy himself that such a record exists. (4) The ease of getting judgment upon a return of nihil, without actual notice to the defendant, and without, therefore, the defendants having an opportunity to raise the issue of the existence of a record, makes it important that the writ should not originally issue unless the court or the clerk is satisfied of the prima facie existence of a record of judgment.

## Appendix A.

Collin County National Bank v. Hughes, 152 Fed. 414, 81 C. C. A. 556; Id., 155 Fed. 389, 83 C. C. A. 661; Pullman Palace Car Co. v. Washburn (C. C.) 66 Fed. 790; Id., 76 Fed. 1005, 21 C. C. A. 598; Wonderly v. Lafayette County (C. C.) 77 Fed. 665; Id., 92 Fed. 313, 34 C. C. A. 360; King v. Davis (C. C.) 137 Fed. 198; Id., 157 Fed. 676, 85 C. C. A. 348; Davis v. Davis (C. C.) 164 Fed. 281; Id., 174 Fed. 786, 98 C. C. A. 494; Owens v. Henry, 161 U. S. 642, 16 Sup. Ct. 693, 40 L. Ed. 837; Brown v. Wygant, 163 U. S. 618, 16 Sup. Ct. 1159, 41 L. Ed. 284; Browne v. Chavez, 181 U. S. 68, 21 Sup. Ct. 514, 45 L. Ed. 752; Hollister v. United States, 145 Fed. 773, 779, 76 C. C. A. 337; Winder v. Caldwell, 14 How. 434, 443, 14 L. Ed. 487; United States v. Payne, 147 U. S. 687, 690, 13 Sup. Ct. 442, 37 L. Ed. 332; Kirk v. United States (C. C.) 124 Fed. 324, 339; Id. (C. C.) 131 Fed. 331, 336; Id., 137 Fed. 753, 70 C. C. A. 187; Sherwood v. Pearl, 1 Tyler (Vt.) 319, 327; Treasurer v. Moore, 1 Tyler (Vt.) 329; Walsh v. Haswell, 11 Vt. 85, 88; 19 Encyclopedia Pleading and Practice, 266; Foster on Scire Facias (London 1851). See also, Weaver v. Boggs, 38 Md. 255; Brown, Adm'r, v. Chesapeake & Ohio Canal Co. (C. C.) 4 Fed. 770; Grantland v. Memphis (C. C.) 12 Fed. 287; Stewart v. Justices of County Court, 47 Fed. 482; United States v. Houston (D. C.) 48 Fed. 207; Wrightman v. Boone County (C. C.) 82 Fed. 412; Id., 88 Fed. 435, 31 C. C. A. 570; Egan v. Chicago Great Western Railway Co. (C. C.) 163 Fed. 344;

Hunt v. United States, 166 U. S. 424, 17 Sup. Ct. 609, 41 L. Ed. 1063; Dickson v. Wilkinson, 3 How. 57, 61, 11 L. Ed. 491; State v. Lighton, 4 G. Greene (Iowa) 278; Pears v. Bache, 1 N. J. Law, 206; Warwick v. ———, 20 N. J. Law, 116; Hopkins v. Howard, 12 Tex. 7; Commonwealth v. Downey, 9 Mass. 520; Osgood v. Thurston, 23 Pick. (Mass.) 110; Universal Optical Corporation v. Globe Optical Co., 228 Mass. 85, 116 N. E. 491; Habib v. Evans, 222 Mass. 480, 483, 111 N. E. 362.

### Appendix B.

In the records of the United States District and Circuit Courts for the District of Massachusetts, the only instances which we have been able to find since the foundation of the courts in 1789 of the issuance of the writ of scire facias upon an unsatisfied judgment are:

Circuit Court. Broome v. Ashman, Records, vol. 1, p. 172, August 13, 1794.

Clarke v. Murietta and Trustee, Records, vol. 18, p. 383, Docket No. 58, October, 1826.

Gaff v. Dailey, Records of 1876, p. 464, Docket No. 828, May, 1876.

District Court. United States v. Moses, Records, vol. 78, p. 389, Docket No. 370, June, 1884.

United States v. Babson, Records, vol. 84, p. 121, No. 758, April, 1888.

In none of these cases is there anything either among the papers or in the records to indicate whether or not application was made to the court for the issuance of the writ.

Several times the writ of scire facias has been issued in the case of the death of a party to a pending suit, in order to summon in the executor or administrator of the deceased. The writ is always based upon a suggestion of the death of the party and an application to the court for the issuance of the writ. Fletcher v. Randall, C. C. Law No. 253, 1907; Carter-Corey Company v. Brigham, C. C. 520, D. C. 68, 1913; Pullman Palace Car Company v. Butler, C. C. Records, vol. 101, p. 109, 1894; United States Construction Company v. Webb D. C. Law 15, 1913.

### Appendix C.

#### United States of America, Massachusetts District.

To the Marshal of Our District of Massachusetts, or Either of his Deputies— Greeting:

Whereas, ——— before our ——— of our ——— court, holden at Boston, within and for our said district of Massachusetts, on the ——— day of ——— in the year of our Lord one thousand eight hundred and ——— by the consideration of our said ———, recovered against ——— the sum of $——— and also $——— for costs and charges by ——— about ——— suit in that behalf expended; whereof the said ——— is convict, as to us appears of record. And although judgment be thereof rendered, yet the execution of the said debt or damage and costs doth yet remain to be made— whereof the said ——— ha— made application to us to provide remedy for ——— in that behalf: Now to the end that justice be done, we command you, that you make known unto the said ——— that —he be before our ——— of our said ——— court, to be holden at Boston within and for our said district of Massachusetts, on the ——— day of ——— to shew cause (if any —he ha—) wherefore the said ——— ought not to have execution against ——— the said ——— for ——— debt or damage, and costs aforesaid; and further to do and receive that which our said court shall then consider; and there and then have you this writ, with your doings therein. Herein fail not. Witness ———, Esq., at Boston, the ——— day of ——— in the year of our Lord one thousand eight hundred and ———.          ———————, Clerk.